THE STATE OF TEXAS V. W. S. HARVEY ET AL.

No. 2353.

**1. Local Option Law—Act of 1887 Construed—County and Precinct Elections.**

The amendment to Article 3238 of the Revised Statutes, made by the Act of 1887, p. 98, and providing that where prohibition has been carried at an election ordered for the entire county, no election on that question shall thereafter be ordered in any justice precinct until after prohibition has been defeated for the entire county, applies to a county in which prohibition already then existed, and renders void such an election held for a justice precinct in the county.

**2. Same—Order Declaring Result of Election.**

Where the result of. a local option election is against prohibition then in force, the repeal of the prohibition law becomes effective upon an order of the commissioner's court declaring the result of the election, although such order does not expressly declare an abrogation of the former law, and no publication of the order is made. Revised Statutes, Art. 3233.

APPEAL from Baylor. Tried below before HON. W. R. McGILL..

*Jo A. P. Dickson,* County Attorney, *M. Turney* and *Carrigan & Montgomery,* for appellant.—1. Where the prohibition or local option law was adopted for an entire county in 1885, and had not been repealed, no election on that subject could be legally held in any justice precinct of said county in 1889, and any such election was of no effect. Acts of 1887, p. 98; Ex Parte Cox, 28 Texas Crim. App., 537.

2. Where an election on the local option question is fairly and legally held in a county, and the votes fairly counted and returns made, and the returns are canvassed by the commissioners court and said court makes an order declaring that a majority of the votes cast were "against prohibition," the effect of such election is to repeal any previous adoption of the local option law in said county, although the commissioners court failed to make an order setting aside the result of the previous election and failed to have such order declaring the result published. Ex Parte Burge, 32 Texas Crim. App., 459; McCrary on Elections, sec. 128; 6 Am. & Eng. Encycl. Law, 325.

*Newton & Dalton* and *Holman & Glasgow,* for appellees.—Local option was in force in precinct No. 1, Baylor County, and Seymour, Texas, at the date of the execution of the bond sued on and the sales alleged, by virtue of the election held for that purpose on Sept. 7, 1889, which resulted in favor of prohibition, and has never been repealed, notwithstanding the whole county went local option in 1885 and against prohibition in 1894. Acts 1887, p. 98; Revised Stat., arts. 3227-3236; Whisenhunt v. State, 18 Crim. App. Texas, 491; Aaron v. State (Texas Crim. App.), 29 S. W., 267; Robinson v. State (Texas), 9 S. W. Rep., 61; Lawhen v. State (Texas), 9 S. W. Rep., 355; Dawson v. State, 25 Crim. App., 670.

The adoption of local option law set aside every other law in that locality on the liquor question.    5 Crim. App., p. 155, Robertson v. State; 12 Crim. App., p. 184, Boone v. State; 5 Civil App. Repts., 317; 29 S. W. Rep., 1085; Acts 1887, p. 98; Acts 1893, p. 157; Cooley on Torts, 242 et seq.; 12 Crim. App., Texas, 541; 19 Crim. App., 298; 6 Smith Rep., 67; 30 S. W. Rep., 623.    The bond was without consideration, there being no law.    Cassell v. Scott, 17 Ind., 514; 1 Waits' Actions and Defenses, p. 683; 23 S. W. Rep., 398, 620.

STEPHENS, ASSOCIATE JUSTICE.—Appellee Harvey, doing business as a retail liquor dealer at Seymour, Texas, executed, March 26, 1894, with the other appellees as sureties, the bond declared upon in this case. The breaches alleged consisted of several sales of liquor to minors.    The case was tried upon an agreed statement of facts, without a jury, and a recovery denied upon the ground that the local option law was in force in the Seymour precinct of Baylor County when the bond was made and approved.

The correctness of this decision depends upon the effect to be given certain local option elections previously held in that precinct and county. The election held in 1885 for the entire county was regular, and resulted in the adoption of the law.    About this there is no dispute.    In 1889, and while this law of 1885 was still in force, an election was held in and for the Seymour precinct, which was regular and resulted in the adoption of the law in that precinct, provided such an election was authorized by the statute.

If the amendment of 1887 was applicable to a county in which prohibition already existed, the precinct election in question was expressly forbidden.    Acts of 1887, p. 98.    If it was not so applicable, how stood the case under prior legislation?

In answer to this question we adopt the view expressed in the dissenting opinion of Judge Hurt in the Whisenhunt case, 18 Crim. App. Texas, 491.    The interpretation given by that opinion to the law as it then existed on this subject was plain and easily understood, and did not lead to that interminable confusion of mind which the elaboration of the opposite view tends so strongly to produce.    It seems also to have received subsequent legislative and judicial approval.    Kimberly v. Morris, 31 S. W. Rep., 809; Kerr v. Riddle, id., 328.

It is common sense to hold that the Legislature never intended that a precinct should be harrassed with an election at public expense to adopt a law already in force in such precinct, as well as throughout the county. Our conclusion is, therefore, that the 1889 precinct election was unauthorized and void.

This brings us to the validity and effect of the election held March 3, 1894, for the entire county, which gave a majority against the law; the result of which was duly declared eleven days thereafter, but before the bond sued on was executed.    The order declaring the result of the elec-

tion failed to expressly declare the abrogation of the law adopted in 1885, and no publication was made of the order entered declaring the result of the election. In other respects the proceeding was admitted to be regular.

The contention is, that without a full compliance with all requirements subsequent to the election, the law remained in force. This is clearly untenable. The legal election, the result of which was duly declared, put an end to the previous law, and no order of the commissioners court to that effect was requisite. Ex Parte Burge, 32 Crim. App. Texas, 462. In terms, as originally declared, it was only to remain in force "until such time as the qualified voters therein may at a legal election held for the purpose by a majority vote decide otherwise." R. S., art. 3233. Besides, the statute nowhere requires the order declaring such result to be published.

It follows from these conclusions that the judgment must be reversed and here rendered, upon the agreed statement, in favor of appellant against appellees in the sum of $2500, with costs.

*Reversed and rendered.*

Delivered Dec. 14, 1895.

TARLTON, Chief Justice, did not sit in this case.

Writ of error refused.