### F. E. ADAMS ET AL. v. E. T. KELLEY ET AL.

Delivered December 31, 1897.

1. **Local Option Election—Mandamus—Former Election—Publication of Result.**

The failure of a commissioners court to have the result of a local option election in favor of prohibition within the county published, as required by law, does not authorize a mandamus to compel the commissioners court to order a local option election for a city within such county, as such court may be required by mandamus to perform its duty to publish the result of the election in the county.

**2. Same—Construction of Statutes.**

The provision of article 3395, Revised Statutes, that when prohibition has been carried for an entire county no election on the question of prohibition shall afterwards be had in any justice's precinct, town or city of the county until after prohibition has been defeated at a subsequent election for the entire county, was not repealed by Acts of the Twenty-fifth Legislature, p. 235, amending article 3384, making it the duty of the commissioners court to order an election to be held by the qualified voters of any commissioners or justice precinct, or school district, or any two or more such subdivisions, provided that, where a school district, city, or town is composed in part of two or more subdivisions of the county, the right to order and hold an election therein shall not be denied.

**3. Same—Statute—Constitutionality.**

A statute authorizing the holding of an election on the question of prohibition in a city within a county which had adopted prohibition for the entire county, while the law provided that prohibition so adopted shall remain in force throughout the county until the qualified voters at a legal election held for the purpose decide otherwise, is unauthorized under article 16, section, 20, of the Constitution.

ON REHEARING.

**4. Same—Mandamus—Constitutional Provision.**

The right of the qualified voters of a county, city or town to determine from time to time by majority vote whether the sale of intoxicating liquors shall be prohibited within the prescribed limits, guaranteed by article 16, section 20, of the Constitution, as amended in 1895, imposes upon the Legislature the duty of passing laws to carry such provision into effect; and its failure to do so can not be remedied by mandamus proceedings against the commissioners court to compel them to order a local option election.

**5. Same—Constitutional Provision.**

The provision of article 16, section 20, of the Constitution as amended in 1895, that the qualified voters of a county, city, or town, may from time to time determine by majority vote whether intoxicating liquors shall be prohibited within the prescribed limits, does not give a city or town the right to repeal within its limits a prohibitory law passed by vote of the entire county, where no previous or separate election for such town or city has been held.

Appeal from Bosque. Tried below before Hon. J. M. Hall.

*D. W. Odell,* for appellants.—1. It having affirmatively appeared from appellees' petition that local option was legally in effect in Johnson County, and that appellees relied for the relief prayed for and the election sought in the city of Cleburne, situated in said county, on the proposition that the amendment adopted by the Twenty-fifth Legislature to article 3384, Revised Statutes, repealed so much of articles 3293 and 3295, Revised Statutes, as conflicted with the right to hold an election in said city and the authority of appellants to grant the same, the court erred in holding that the amended article had that effect, and in not sustaining appellants' general demurrer and dismissing appellees' suit and prayer for the writ of mandamus. Const., art. 16, sec. 20; Id., secs. 30, 35; Rev. Stats., arts. 3384, 3385, 3293, 3295, 3390; Dawson v. State, 8 S. W. Rep., 820; Robinson v. State, 26 Texas Civ. App., 82.

2. The failure to publish the result of a local option election will not make same void. Ex Parte Burge, 24 S. W. Rep., 289; Harvey v. State, 33 S. W. Rep., 886.

*H. P. Brown, S. C. Padelford,* and *Henry & Brown,* for appellees.—
The Act of the Twenty-fifth Legislature, page 235, expressly providing
that article 3384 should read as shown by the amendment, and expressly
repealing all laws and parts of laws in conflict therewith, and said amend-
ment, as to the subject matter of local option elections, creating a new
and distinct system or scheme on said subject matter, or at least said act
incorporating in it new, changed, and independent legislation as to the
right to order and hold local option elections in cities and towns, es-
pecially when they are composed of two or more of the subdivisions of
the county specified in said act, repealed not only article 3384, but also
portions of articles 3393 and 3395, of the Revised Statutes, and all other
laws in conflict with the new rights given under and by said act. Rev.
Stats., arts. 3384, 3393, 3395; Black on Interp. of Law, 270, et seq.; State
v. Railway, 57 Texas, 549; Courtesy v. Territory, 32 Pac. Rep., 504;
Suth. on Stat. Con., sec. 133; Ely v. Horton, 15 N. W. Rep., 596; Longlin
v. Longlin, 48 Ind., 60; Bryan v. Sandberry, 5 Texas, 423; Black on
Interp. of Laws, 360; Wade on Retroactive Laws, secs. 291, 292; Tunstall
v. Womley, 54 Texas, 480; Rogers v. Watmis, 8 Texas, 65.

STEPHENS, Associate Justice.—Upon the petition of appellees, in
behalf of themselves and 227 other resident citizens of the city of Cle-
burne, a writ of mandamus to compel the Commissioners Court of John-
son County to order a local option election for said city was awarded by
the District Court. From that judgment this appeal is taken.

The petition admits that the local option law had been adopted and
put in force for the entire county of Johnson in the year 1895, and that
a second election for the entire county, held in March, 1897, again re-
sulted in favor of the law. The legal force of this election, however, is
denied, upon the ground that the result, though duly declared by the
Commissioners Court and entered of record, has not been published.

The petition then pleads an act passed at the general session of the
last Legislature (Acts Twenty-fifth Legislature, p. 235) amending article
3384 of the Revised Statutes, relating to local option. This amendment,
among other provisions, makes it the duty of the commissioners court of
each county to order an election, "to be held by the qualified voters of
said county, or of any commissioner's or justice's precinct, or school dis-
trict, or any two or more of any such political subdivisions of a county,
as may be designated by the commissioners' court of said county, to de-
termine whether or not the sale of intoxicating liquors shall be prohib-
ited in such county, or commissioner's or justice's precinct, or school dis-
trict, or any two or more of any such political subdivisions of such
county, or in any town or city," whenever petitioned so to do by the
requisite number of voters, as therein prescribed, "provided, that where a
school district, city, or town may be composed in part of two or more
subdivisions of the county, named hereinbefore, the right to order and
hold an election in such school district, city, or town shall not be denied."

The petition further shows, after alleging that the city of Cleburne is composed in part of two or more subdivisions of the county, named hereinbefore, the right to order and hold an election in such school district, city, or town shall not be denied."

The petition further shows, after alleging that the city of Cleburne is composed in part of more than two subdivisions, such as the amendment describes, of Johnson County, that the requisite number of qualified petitioners had duly petitioned for a local option election for the city of Cleburne, which the Commissioners Court, on August 24, 1897, refused to order.

The allegations of fact so made are admitted to be true.

The questions involved in the appeal, then, are: first, whether, on account of the failure of the Commissioners Court of Johnson County to have the result of the second county local option election published, appellees were entitled to a writ of mandamus to compel said Commissioners Court to order a local option election for the city of Cleburne; second, whether, if this did not give the right, it was conferred by the alleged amendment of article 3384.

Upon the first question appellants cite a decision of the Court of Criminal Appeals, Ex Parte Burge, 24 Southwestern Reporter, 289, which seems to dispose of it in their favor. It was there held that the failure of the commissioners court, in connection with the declaration of the result of a local option election, to further enter an order in terms absolutely prohibiting the sale of intoxicating liquors within the prescribed limits, as required by law, did not invalidate the election itself, but, on the contrary, that mandamus to compel the performance of a duty so neglected might be resorted to. The reasons given by Judge Simkins for this ruling apply with equal, if not greater, force where, as in this case, there is a mere failure to publish the result of such election. This decision was cited with approval by us in Harvey v. State, 33 Southwestern Reporter, 886, though in that case the result of the election was not in favor of, but against, the continuance of the local option law.

If, then, the Commissioners Court of Johnson County might, when this suit was instituted, have been compelled to have the result of the election for the entire county published, the contention would hardly seem plausible that mandamus would lie to compel the performance of a conflicting duty, that of ordering an election for the city of Cleburne, which the due publication of the result of the county election would, as the law stood prior to the amendment, certainly have excluded. The two duties, being in conflict, could not coexist.

We are thus brought to consider the second, and, as we understand, the main question at issue, in the discussion of which additional reasons may be given for overruling the contention involved in the first question.

The Constitution adopted in 1876 (article 16, section 20) made it the duty of the Legislature, at its first session, "to enact a law whereby the qualified voters of any county, justice precinct, town, or city, by a ma-

jority vote, from time to time, may determine whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." This was so amended in 1891 as to extend its provisions to "such divisions of a county as may be designated by the commissioners court of such county."

In obedience to this constitutional requirement, the Legislature at its first session (Acts of 1876, p. 26) enacted a law which made it the duty of the commissioners court of each county, when petitioned so to do as therein provided, "to order an election to be held by the qualified voters of said county, justice precinct, town, or city, as the case may be, to determine whether the sale of intoxicating liquors * * * shall be prohibited in such county, justice precinct, town, or city, or not." It also made it the duty of the commissioners court to ascertain and declare the result of such election, and if for prohibition, to enter an order prohibiting the sale of intoxicating liquors within the prescribed bounds, "until such time as the qualified voters therein may, at a legal election held for the purpose, by a majority vote, decide otherwise," etc. The language last quoted seems to have been retained in all subsequent amendments of this law.

The act forbade a second election within the same prescribed limits in less than twelve months, which period was afterwards (in 1887) extended to two years; but provided that a failure to carry prohibition in a county should not prevent such election being immediately thereafter held in a justice precinct, town, or city, and that a failure to carry prohibition in a town or city should not prevent an election immediately thereafter in the same justice precinct (afterward amended to read "entire justice precinct or county"), and that the holding of an election in any justice precinct should not bar an election immediately thereafter for the entire county.

To avoid any possible misconstruction, it was finally, in 1887, enacted (Acts of 1887, p. 96), that "when prohibition has been carried at an election ordered for the entire county, no election on the question of prohibition shall be thereafter ordered in any justice precinct, town, or city of said county until after prohibition has been defeated at a subsequent election for the same purpose, ordered and held for the entire county." Changes introduced to make the law conform to the constitutional amendment of 1891 need not be noticed, as the provision last quoted is retained throughout, and is embodied in article 3395 of our Revised Statutes.

We fail to find in the amendment of 1897, which purports to amend only article 3384, and not 3395, anything in conflict with this explicit provision of ten years standing. The clause of this amendment so much relied on, to wit, "provided, that where a school district, city, or town may be composed in part of two or more subdivisions of the county, named hereinbefore, the right to order and hold an election in such school district, city, or town, shall not be denied," does not even purport in terms to confer on cities or towns any new right, but only to re-

serve and guard an existing one, which never was an absolute, but only a conditional or qualified right.

It was "the right to order and hold an election" in a city or town, as provided in the general local option law, which the amendment, providing for the first time for a local option election in two or more political subdivisions of a county, declares shall not be thereby denied, and not the right to hold such election without reference to a local law already in force throughout the county in which is situated such city or town. True, a majority of the Court of Appeals held, before the law was amended in 1887, that a justice precinct (and consequently a town or city) might abolish the law of the county within the bounds of the precinct (town or city), by an election held after the expiration of twelve months (as then provided) from the adoption of the law by the county. Wisenhunt v. State, 18 Texas App., 498.

Judge Hurt, however, dissented, maintaining that until the local law as adopted by the qualified voters of the county had been, by a majority vote, repealed by such voters at an election held for that purpose throughout the county, no justice precinct (city or town) in such county was authorized to hold a local option election. The views so cogently stated in this dissenting opinion, but which need not be here repeated, were adopted by the Court of Civil Appeals for the Fifth District in Kimberly v. Morris, 31 Southwestern Reporter, 899, and by this court in Harvey v. State, 33 Southwestern Reporter, 886, and, inferentially, also by the Supreme Court, as a writ of error was denied in the Harvey case.

As already seen, this, too, was the construction adopted by the Legislature in 1887, as quoted above.

It will be observed that the majority of the court in the Wisenhunt case did not hold that the voters of a justice precinct were entitled to hold an election before the time had expired for a second election in the county. So that, unless the second election in and for Johnson County was void, not even under this now effete construction of the law is the city of Cleburne yet entitled to hold the election sought, as the two years have not elapsed since that election. Rev. Stats., art 3393.

But if we concede the second election to be void, it must still be held that the county law has not been repealed, for it was originally adopted to remain in force throughout the county *"until such time as the qualified voters therein may, at a legal election held for the purpose, by a majority vote, decide otherwise."* As under the Constitution such law can only be enacted by such qualified voters, so it can only be repealed by them. The power to enact, and hence to repeal, such laws has thus been taken from the Legislature and conferred on the qualified voters of the locality to be affected.

Inasmuch, then, as this local law had, by a majority vote, been adopted by the qualified voters of Johnson County, and had not been abolished when the amendment of 1897 went into effect, it seems plain that nothing in that amendment could either directly or indirectly repeal or

modify such existing law. If it provided a means for its repeal, within the bounds of Cleburne, by the qualified voters of Cleburne, before the qualified voters of the county, by a majority vote, had decided to repeal it, it was as much the exercise of unauthorized power as if the Legislature had declared in so many words its repeal to that extent. When so modified, it would no longer be the law originally voted for and adopted. If originally so proposed, it might never have been adopted.

These conclusions are in accord with the following decisions of the Court of Criminal Appeals: Dawson v. State, 25 Texas App., 670; Ex Parte Cox, 28 Texas App., 537; Aaron v. State, 29 S. W. Rep., 267.

Furthermore, if the amendment be construed as creating by the Legislature itself new subdivisions of a county for local option purposes, it would seem to be in conflict with the constitutional amendment of 1891, which vested this power in the commissioners courts, and hence of no value to appellees, since the feature so much relied on by them seems to be merely incidental to the creation and combination of these new subdivisions. We need not, however, and do not, decide this question.

In no view of the case were appellees entitled to the mandamus, and the judgment awarding it is reversed and the suit dismissed.

*Reversed and dismissed.*

ON MOTION FOR REHEARING.

May 7, 1898.

STEPHENS, ASSOCIATE JUSTICE.—At the request of counsel for appellees, the consideration of this motion was postponed on account of the pendency in the Court of Criminal Appeals of two certain appeals from Parker County, in which Tom Fields and Hez Allen were the respective appellants, involving, as was thought, in effect, though in a different form, substantially the same question as is presented by the motion. These cases, as we understand, though we have not had access to the opinions, have been decided against the contention of appellees, and their counsel now withdraw their request for further postponement. We proceed, therefore, to dispose of the motion.

On the original hearing our discussion was confined to the grounds stated in the petition for mandamus. In a carefully prepared printed argument, counsel for appellees now urge, in support of the motion for rehearing, which was to some extent presented on the original hearing, that the Constitution itself (article 16, section 20) entitles the city of Cleburne to the election sought. But if we adopt this view, we must hold article 3395 of the Revised Statutes to be unconstitutional, which we are not inclined to do, since, as before seen, it but declares the true construction of the original local option law, the validity of which has been too often affirmed by our Court of Criminal Appeals, which is a court of final jurisdiction, to be now questioned by this court. Besides, section 20, article 16, of the Constitution, is not self-executing, but only makes

it the duty of the Legislature to pass such laws as will enable the qualified voters of a county, city, or town, etc., from time to time to determine by a majority vote whether the sale of intoxicating liquors shall be prohibited within the prescribed limits. If the Legislature has failed to do its duty under the Constitution, the remedy is certainly not mandamus against the commissioners court.

We are also of the opinion that the interpretation which counsel for appellees seek to give this section of the Constitution is not the correct one. The idea seems to be that it gives to a city or town situated in a county where prohibition has been adopted and is in force throughout the county the right at any time, by a majority vote, to repeal the law within the urban limits, though no previous election for such town or city has ever been held. It is manifest that the prime object of this constitutional provision was to provide for such legislation as would give to the voters of the named localities from time to time an opportunity, if the majority so desired, in the first instance, to adopt the law, and then, when found not to give satisfaction to such majority, to repeal it. It certainly could not have been the purpose of the framers of the Constitution to reverse the order, and confer on the voters of the given locality the right to repeal what they had never adopted. It could not, with any show of reason, be contended that the object of the election sought in this case was the adoption of the prohibition law for any part of Johnson County, since it already prevailed throughout the county. The result of the proposed Cleburne election, then, would add nothing to and could take nothing from the law, and it would be unreasonable to impute to the framers of the Constitution an intention to provide at public expense for any such useless election. For a further statement of our views upon this question, see Harvey v. State, 33 Southwestern Reporter, 886.

If this construction works a hardship on cities and towns not yet grown large enough to control the county election, it is due to the inclusion of the less within the greater, and to the subordination of the will of the minority to that of the majority. Any other construction would deprive a majority of the voters of the whole county of the constitutional right conferred, first in order, on them.

The Kentucky cases cited and discussed with so much plausibility by counsel arose under statutes essentially different from our own.

The motion is overruled.

*Rehearing denied.*