## EX PARTE TOM FIELDS.

### No. 1589.   Decided March 8, 1898.

**1.  Local Option—Two Simultaneous Elections for a County and for a Precinct of a County.**

Where there has been a simultaneous election for local option ordered and held on the same day for both the entire county and for a separate precinct of the county, if prohibition carries upon a count of the votes of the entire county, this result adopts local option in the whole county, although it may have been defeated in the particular precinct wherein the election was specially ordered.  The constitutional right of a county to adopt local option gives that county the right to prohibit the sale of intoxicating liquors in every foot of the territory of the county, notwithstanding there may be opposition in, and notwithstanding it may have been defeated in one or more of the precincts.

**2.  Same—Precinct Elections.**

If an election for local option be held throughout a county, and prohibition is defeated in the county, another election for local option for any particular precinct may be immediately ordered.  If a previous election for said precinct has been held within two years, there is no authority to hold another precinct election until the expiration of two years.  Where a county has voted prohibition, no precinct, town, or city in the county can hold another election upon local option until prohibition is repealed by a vote of the entire county.  Rev. Stats., art. 3395.

FROM Parker County.

This case is an original application to the Court of Criminal Appeals for a writ of habeas corpus, the relator having been refused such writ upon his applications presented to both his district and county judges.

The following statement, which is correct, is taken from the brief of counsel for appellant:

The record in this case shows that on the —— day of ———, 1894, a local option election was held in precinct No. 1, Parker County, Texas, which resulted in favor of prohibition.  After the two years had expired from this first election, the requisite number of qualified voters within and for said precinct No. 1, presented another petition to the Commissioners Court of Parker County, Texas, praying that a local option election be ordered to be held within and for said precinct No. 1.  Certain parties, for the purpose of preventing the majority vote of precinct No. 1 from exercising the option conferred upon it by the Constitution, shortly after the presentation of the petition for an election within and for precinct No. 1, got up and presented another petition for an election to be held in the whole county.

The Commissioners Court acted on the petition presented from precinct No. 1, and ordered an election to be held within and for precinct No. 1; and also acted on the petition for an election for the whole

county, and ordered an election for the whole county. The Commissioners Court directed in these orders that both of these elections—one in and for precinct No. 1, and the other for the whole county—should be held on the same day.

After due notice, both of these elections were held in accordance with the order of the Commissioners Court, and in accordance with law, on the same day. On the eleventh day after the holding of both of these elections, the Commissioners Court met and declared the result of both of these elections. In accordance with this declaration, the majority vote in the county election was for prohibition by 18 votes, and the majority vote in precinct No. 1 was against prohibition by 135 votes; and the Commissioners Court rendered two orders in accordance with the above declaration. Afterwards the appellant was indicted for selling liquor within precinct No. 1, and was convicted. Now, the only question involved in this case is, was local option in force in precinct No. 1, Parker County, Texas, after both of the above elections had been legally held, and was said conviction legal?

*Martin & Flanary, H. P. Brown,* and *S. C. Padelford,* for relator, cited Monroe v. State, 8 Texas Crim. App., 343; Pinckard v. State, 13 Texas Crim. App., 373; Freese & Jones v. State, 14 Texas Crim. App., 31; Wisenhunt v. State, 18 Texas Crim. App., 491; Boone v. State, 10 Texas Crim. App., 420; Donaldson v. State, 15 Texas Crim. App., 25; Akin v. State, 14 Texas Crim. App., 142; McMillan v. State, 18 Texas Crim. App., 375; Holley v. State, 14 Texas Crim. App., 505; Steele v. State, 19 Texas Crim. App., 425; Stallworth v. State, 16 Texas Crim. App., 345; Ninenger v. State, 25 Texas Crim. App., 449; Dawson v. State, 26 Texas Crim. App., 670; Ex Parte Brown, 38 Texas Crim. Rep., 295; Woodlief v. State, 21 Texas Crim. Rep., 412; Cox v. State, 28 Texas Crim. App., 537; Aaron v. State, 34 Texas Crim. Rep., 103; Ex Parte Brown, 35 Texas Crim. Rep., 443; Kimberly v. Morris, 31 S. W. Rep., 810; Harvey v. State, 33 S. W. Rep., 885; De Soto Parish v. Mansfield, 21 S. W. Rep., 598.

The identical question raised in this case was raised and decided by the Court of Appeals of Kentucky in the case of Cole v. Commonwealth, 39 S. W. Rep., 1029.

The Court of Appeals is composed of seven learned judges, and they decided this question without dissent; and since the Kentucky court so forcibly voices our contention in this case, we hope this court will pardon us for quoting in extenso the language of this decision on this point, which is the only point raised and decided in that case. The reasoning and conclusions of that court on this question are expressed as follows:

"It is the contention of the State that no separate election in the city can be had, on the proposition involved, at the time of the election throughout and for the entire county on the same question, and if such an election be held, it is ineffective for any purpose, and must yield to and be controlled by the result of the county election. 'Otherwise,' say

counsel for Commonwealth, 'each district might do the same thing, and the county as a whole might vote in favor of local option and yet every precinct in the county except one vote in favor of license; the result being that the county, as a whole, might vote against the sale, yet in nineteen-twentieths of it such liquors might be sold.' This may be conceded, but instead of being argument against the position of appellant, it furnishes a strong argument in his favor, for if such liquors may be sold, it is because the voters of these precincts, upon whom the right is conferred to settle the question for themselves, desire them to be sold. The local feature of the statute is kept prominent in every part of it. Each subdivision, in emphatic terms, is given a right to determine for itself its local wants; and, if it may not do so independently of other local preferences, it is denied a right expressly given by the language of the law.

"It may be said, and truly, that the right is given to the county; but if, simultaneously with the exercise of this right to vote on the question, a smaller and independent subdivision of the county, upon which is also conferred the right to exercise this choice, does exercise it, with different results, there is no other way to uphold the law in its entirety than to treat the territory of the smaller subdivisions as excepted from the domination of the larger, if it chooses to act independently. This construction may not produce satisfactory results in all instances, but under it the controlling vote in the large cities can not dictate the policy of the outlying precincts, or make lawful the sale of whisky therein, when it is usually obnoxious. It is conceded that, by a vote previous to the county election, the town may decide this question for itself, and may maintain its choice by expressing it again at the county election, and it is also conceded that it may so decide for itself subsequently to the county election. We see no reason, therefore, why the smaller subdivision may not exercise its choice at any time it pleases, subject, of course, to the limitation provided by the statute on the frequency of such elections."

This decision was made under a Constitution and law conferring the same authority upon such county and city to hold such elections as is conferred upon the county and precinct by our Constitution. This Kentucky case specifically holds that where the same option is conferred equally upon the larger and the smaller, that the smaller can exercise this option independent of and uncontrolled by the option of the larger. In the Kentucky case, the Constitution of that State conferred the same right upon a county and a city to exercise this option, and the assembly of that State provided a method by which both of these localities could exercise this option, and it was exercised by both at the same time in accordance with this method.

In this case, the Constitution of Texas conferred the same right upon Parker County and precinct No. 1 situated therein to exercise this option, and the Legislature had provided a method by which both of these localities could exercise this option, and it was exercised at the same

time by both in accordance with this method thus prescribed by the Legislature, and these two elections resulted just as did the elections in the Kentucky case. Hence, if the same effect should be given to the two elections in this case as were given to the two elections in the Kentucky case, and as were given to the four elections in the two Louisiana cases, and as were.given to the ten elections in the Brown, Aaron, Cox, Woodlief, and Whisenhunt cases, then the election in precinct No. 1 was not nullified or in way controlled by the election in the county, and there was no law in precinct No. 1 prohibiting the sale of intoxicating liquors, and the relator should be discharged.

*Nat P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.—The Constitution and statutes of Kentucky are not accessible to me, but it would appear from the reading of the case (Cole v. Commonwealth, 39 Southwestern Reporter, 1029) that counsel have correctly construed those instruments in this particular. But I respectfully submit that repeated adjudications of our own courts are entitled·to more respect than foreign decisions, however eminent the jurists, especially when the application of the principles maintained by the foreign tribunal to the conditions as we know them could but result in confusion confounded to the last degree. For suppose (as was pertinently argued for the appellants in the Kentucky case) it was permissible under our law for each precinct in the county to hold a precinct election simultaneously.with the county election, vote on each proposition, and then enforce the law as adopted in the precinct election, uncontrolled by the county election. Suppose, then, that the vote of each precinct in the precinct election should be against prohibition, but for prohibition in the county election. Then each precinct would have voted prohibition on the county but anti-prohibition on itself. Each being independent. of the county would be without the operation of prohibition which it had voted on the county. Could this be else than a farce? Certainly nowhere upon earth but in Kentucky. Upon reflection, it is manifest that the purpose of the Kentucky statute was to engraft upon a popular Kentucky propensity a highly commendable patriotic sentiment—that of local option drinking—a compulsion of every man to wet.his whistle with none but his own precinct whisky.

HURT, Presiding Judge.—Relator applied to the district judge, and also to the county judge of Parker County, for this writ, which was denied; hence application is made to this court.

Relator was tried for selling whisky in precinct No. 1, Parker County, entered his plea of guilty, and was fined $25, with imprisonment in the county jail for twenty days. Relator insists that this judgment was absolutely void, because local option was not in force in precinct No. 1 of Parker County at the time the sale was made. The contention is as follows: That the election was held in precinct No. 1 on the 5th day of September, 1896, which resulted in the defeat of prohibition. Now,

it appears from the record that an election was held on the same day for the entire county, and resulted in favor of prohibition; that the county and precinct elections were held simultaneously in said precinct No. 1. The question is therefore presented whether, under the above state of facts, the sale of intoxicating liquors was prohibited in said precinct No. 1 of Parker County. The Constitution provides: "The Legislature shall at its first session enact a law whereby the qualified voters of any county, justice precinct, town, city, or such subdivision of a county as may be designated by the commissioners court of said county, may by a majority vote determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." See Const., art. 16, sec. 20. In treating of this subject, the term "local option" has frequently been used; the idea being conveyed that the county or subdivision thereof has the right to determine whether intoxicating liquors shall or shall not be sold within the county, justice precinct, etc.

Anti-prohibition is in force in every county, justice precinct, town, etc., in this State, unless voted on at an election held for that purpose. It requires no act to put in force the right to sell intoxicating liquors. This right was not conferred upon the people of the counties, justice precinct, etc., by the Constitution; but the right to prohibit the sale of intoxicating liquors was conferred upon the county, justice precinct, etc. Now we state this proposition: That, until the Legislature repeals the acts enforcing this right, there is no power within this State to prohibit the county from declaring by an election that the sale of intoxicating liquors shall be prohibited therein. The county can not prevent any precinct, town, or city, etc., from declaring that the sale of intoxicating liquors shall be prohibited within such precinct, town, city, etc. There is no authority in the county to do this. On the other hand, no precinct, town, city, etc., can prevent the county from declaring that the sale of intoxicating liquors shall be prohibited within the county. If the county has the right to prohibit, it has the right to prohibit the sale in every foot thereof, because the Constitution says that the county may do so. If the precinct has the right to prohibit, as before stated, no county election can prevent it. Let us suppose that a county election is held. A number of precincts vote against prohibition, but, when all the votes are counted, prohibition carries. Can it be contended that prohibition is not in force in every part of that county, notwithstanding the opposition in such precincts? If the contention of the relator be correct, no county election should ever be held. The election should be had by precincts, towns, cities, etc.; and, if all are in favor of prohibition, then prohibition would be in force in the entire county. We do not so understand the Constitution. The county has the same right to declare prohibition as the precinct, etc. They stand exactly upon the same footing with reference to the power to declare it, but not upon the same footing with reference to the power to repeal it; for, if a precinct can repeal it, or defeat the county election, so far as that precinct is

concerned, then the county has no right by an election to declare prohibition. All of the acts of the Legislature bearing upon this subject are in accord with this view. If prohibition is defeated in a county, a precinct can assert its right, and hold an election at once, if not prohibited by article 3393, Sayles' Revised Statutes, 1897. To illustrate: Suppose there had been no election in the given precinct, and the county votes upon the question, and prohibition is defeated, an election can be ordered at once for such precinct. This is in literal compliance with the provisions of the Constitution which confer upon the precinct this right. But, if there had been an election within said precinct within two years, there is no authority to hold that election until the expiration of two years. But the rights of the justice precinct, towns, etc., do not depend at all upon when the county votes, and rejects it.

A different view of this question is contained in Whisenhunt v. State, 18 Texas Criminal Appeals, 491, decided by a majority of the court. After that opinion was rendered, the Legislature enacted this provision: "But when prohibition has been carried at an election, ordered for the entire county, no election on the question of prohibition shall be thereafter ordered in any justice precinct, town, or city of said county, until after prohibition has been defeated at a subsequent election for the same purpose, ordered held for the entire county in accordance with the provisions of this title." Sayles' Rev. Stats., art. 3395. This provision was enacted, no doubt, to meet the opinion in the Whisenhunt case, supra, and is a very explicit expression of the Legislature's opinion as to the meaning of the Constitution on this subject. We have had this question before us in several cases, and there is not the slightest intimation to the effect that a precinct, town, or city, etc., can hold an election, when the county has voted prohibition, until prohibition is repealed by a vote of the entire county. Every case referred to is emphatically the other way, when properly understood.

This question has been before the Court of Civil Apeals in three cases (Kimberly v. Morris, 31 S. W. Rep., 809; State v. Harvey, 33 S. W. Rep., 885; Adams v. Kelley, 44 S. W. Rep., 529), and the same conclusions reached. The last opinion was rendered by Judge Stephens, and cites us to several cases, and we think that the question is forever put at rest in Texas. We are not inclined to depart from our views expressed upon this subject in the former opinions. The writ of habeas corpus is refused.

*Writ refused.*


[Note.—Relator's motion for rehearing was overruled without a written opinion.—Reporter.]