## EX PARTE GRANVILLE RIPPY.

### No. 2372. Decided May 21, 1902.

**1.—Local Option—Second Election in Enlarged District—Constitutional Law.**

A local option election held in a commissioner's precinct within one year after the defeat of a similar election in a justice's precinct, which was, with other territory, embraced in said commissioner's precinct, is not invalid nor in contravention of the Constitution.

**2.—Same—Statutory Law—Unjust Discrimination.**

Article 3395, Revised Statutes, is not obnoxious to the constitutional objection that it unjustly discriminates in favor of voters desiring prohibition, and virtually disfranchises, for two years, those who oppose prohibition, in that it allows the former the right to have an election as often as they may desire it, while it denies the latter the right, for a period of two years, to have a second election in the same territory wherein it has previously been defeated. Following Ex parte Fields, 39 Texas Crim. Rep., 50.

**3.—Same—Constitutional Law—Equal Protection.**

The provisions of the Constitution of the United States, which guarantee the equal protection of law to all citizens, is not violated by our local option law, since the regulation of the liquor traffic is peculiarly within the police power of the States; and no citizen has or can have a vested right in such traffic. License to sell liquor is a mere temporary privilege to carry on the business subject to the will of the grantor, and is not property in the sense which protects it under the Constitution.

**4.—Same.**

Anti-prohibition prevails everywhere until prohibition has been legally established at an election held to determine the question, and at which election the right to vote has been accorded to all entitled to vote, whether they are in favor of or against prohibition.

From Grayson County. Original application for habeas corpus to determine the validity of the local option law under and by virtue of which relator was arrested and held in custody for its violation.

The opinion states the case.

*F. M. Etheridge* and *Clark & Bolinger,* for relator.—It was the design of the Constitution to leave the question of liquor sales solely with the people of either a county, a justice precinct, a city or town, or other subdivision, without dictation or supervision from any outside body. The statute destroys this design, and is therefore unconstitutional.

The Constitution having prescribed that the Legislature should enact a law whereby the voters of any county, justice precinct, town or city,

or other subdivision may, by a majority vote, determine from time to time whether the sale of liquor shall be prohibited within the prescribed limits, no power is vested in the Legislature to prescribe that the action of the people in any precinct or other subdivision so legislating shall be dependent in any manner upon the decision of the question by the people of some larger subdivision. When the people of a justice precinct (for example) determine by a majority vote that prohibition shall not be enforced in that precinct, their decision of the question must, under the Constitution, be final until the people of that precinct again legislate and determine the matter for themselves. The Constitution clearly delegates this right, and the statute as clearly takes it away, and makes prohibition in the precinct vel non depend not on the determination of the majority of the precinct, but on the determination of the majority of some larger subdivision that may be carved out by partisan selection in order to stifle and annul the wishes of the people of the precinct, already duly expressed under the forms of law, and as local law by which they wish to be governed. The Constitution gives no power to larger subdivisions to override the will of minor subdivisions, but the delegation of power is specific as to each subdivision. Cole v. Commonwealth, 101 Ky., 151, 39 S. W. Rep., 1030; Whisenhunt v. State, 18 Texas Crim. App., 492.

The statute is unconstitutional for the further reason that it provides for the repeal of a law by an unauthorized body.

The local option laws as embodied in the Revised Statutes of this State are violative of the Constitution of the United States: (1) Because said laws abridge the privileges and immunities of citizens of the United States. (2) Because said laws deprive certain citizens of the United States, and especially the applicant, of liberty and property without due process of law. (3) Because said statutes deny to many persons within the jurisdiction of the State of Texas the equal protection of the laws. (4) Because said statutes constitute class legislation within the meaning of the law, and are antagonistic to the essential principles of free republican government, in that they discriminate in favor of certain persons holding certain views and against other persons and citizens holding opposite views upon questions of public policy and concern.

Said local option laws as embodied in the Revised Statutes of this State are further violative of the Constitution of the State of Texas, because they deny equal rights to a large portion of the citizenship of this State, and bestow exclusive privileges upon a large class of other persons and citizens of this State, and which exclusive privileges are not in consideration of public services rendered.

Authorities are hardly necessary, but for the convenience of the court we cite the following: San Antonio & A. P. Ry. Co. v. Wilson, 19 S. W. Rep., 911, holds that an act imposing a penalty upon railroads for failure to pay employes within reasonable time is unconstitutional. See also 4 App. C. C., sec. 324a. Ex parte McCarver, 46 S. W. Rep., 939,

holds that a curfew ordinance deprives certain citizens of equal rights. Ex parte Jones, 38 Texas Crim. Rep., 428, holds that an occupation tax exempting certain persons and classes violates the equality of the law. Ex parte Brown, 38 Texas Crim. Rep., 295, holds that an act prohibiting the keeping of liquors for one's own use is an unconstitutional abridgement of the rights of the citizens. These are all by this court.

We cite the court to the following additional cases: Railway Co. v. Ellis, 165 U. S., 150; Fraser v. McConway, etc., 82 Fed. Rep., 860; Connally v. Pipe Line Co., U. S. Sup. Ct.; Wally v. Kennedy, 2 Yerg., 555; Vanezant v. Woddell, 2 Yerg., 270; Juanita Limestone Co. v. Fagley, 187 Pa. St., 197; In re Day, 181 Ill., 80; Luman v. Hitchens Bros. Co., 90 Md., 27; Wansel v. Hoos, 60 N. J. L., 526; People v. Hawkins, 157 N. Y., 16; State v. Hoyt, 71 Vt., 64.

*Rob't A. John,* Assistant Attorney-General, for respondent.

HENDERSON, JUDGE.—This is an original proceeding by writ of habeas corpus in this court. The application alleges that relator is illegally restrained of his liberty by virtue of a warrant of arrest charging him with a violation of the local option law (the case pending in the County Court of Grayson County). It is shown that appellant is a resident of Pottsboro, and he admits the sale of intoxicating liquor in said precinct, etc. He alleges that the adoption of local option at Pottsboro was illegal and unconstitutional, on the ground that on the 6th day of April, 1901, a local option election for the justice precinct in which said town of Pottsboro was situated, known as precinct No. 8, was held, and that local option was defeated in said precinct. That thereafter, on the 8th of February, 1902, an election was held in a commissioners' district or subdivision of the county, embracing said precinct No. 8 and precinct No. 7 of said Grayson County, and that at said election local option was adopted. He claims that it was not competent, under the Constitution, to include the Pottsboro precinct No. 8 in the enlarged precinct and vote thereon, as was done. The propositions on which he alleges that the last election was unconstitutional and void are embraced in his brief, and are as follows:

"1. That article 3395, Revised Civil Statutes, operates to deny to the citizens the equal protection of the law, in that it discriminates against those who vote for prohibition and operates to disfranchise for a period of two years all citizens within the territory to be affected who are opposed to prohibition, and denies them the right for such period of time to legislate upon that question legally, while upon the contrary it confers that right upon those who favor prohibition to vote therefor as often as they shall see fit.

"2. Said article further denies the equal protection of the law, in that it provides that the failure to carry prohibition in a town or city shall not prevent an election from being immediately thereafter held for the entire justice precinct or county in which said town or city is

situated, and denies to those citizens who oppose local prohibition the privilege of so voting in the event prohibition should carry in a town or city.

"3.   Said statute further denies equal protection of the law, in that it provides that in the event that prohibition should fail to carry in a town or city, immediately thereafter those in favor of prohibition may inaugurate an election in a larger district, to be selected by them, which shall include the said town or city, and in the event the election so to be held in such enlarged territory shall be carried in favor of prohibition, the same shall operate as an abrogation and repeal of the previous election held in said town or city.   And because said statute further provides that if at an election prohibition should carry in any town or city, it can not be defeated by an inauguration of a subsequent election in an enlarged district, and upon the contrary provides that when prohibition has been carried at an election in the town, city, or precinct, such prohibition shall not be repealed, except at an election ordered and held for such town, city or precinct.

"4.   Said statute further denies the equal protection of the law, in that it provides that when prohibition has been carried at an election in the entire county, no election shall thereafter be ordered in any subdivision of said county until after prohibition has been defeated in the entire county; and in disregard and denial of equal protection it further provides that should an election fail to carry prohibition in a county, those in favor of prohibition may immediately thereafter inaugurate an election for any and all such portions of the county as they may choose, and in the event prohibition carries in any such subdivision so immediately inaugurated, such election shall have the effect of abrogating the previous election held in the entire county."

The constitutionality of the act of the Legislature known as the Local Option Act (Rev. Civ. Stats., arts. 3384 to 3399, inclusive), authorizing the submission of the question to the people, was before this court in Ex parte Fields, 39 Texas Crim. Rep., 50, and so far as our own State Constitution is involved, the provisions of the law, especially of article 3395, was construed; and it was distinctly held that the Legislature had a right to do exactly what was done here.   We can add nothing to what was there decided.   We quote at length from that decision as follows:

"Anti-prohibition is in force in every county, justice precinct, town, etc., in this State, unless voted on at an election held for that purpose. It requires no act to put in force the right to sell intoxicating liquors. This right was not conferred upon the people of the county, justice precinct, etc., by the Constitution; but the right to prohibit the sale of intoxicating liquors was conferred upon the county, justice precinct, etc. Now we state this proposition:   That, until the Legislature repeals the acts enforcing this right, there is no power within this State to prohibit the county from declaring by an election that the sale of intoxicating liquors shall be prohibited therein.   The county can not prevent

any precinct, town, or city, etc., from declaring that the sale of intox-
icating liquors shall be prohibited within such precinct, town, city, etc.
There is no authority in the county to do this. On the other hand, no
precinct, town, city, etc., can prevent the county from declaring that
the sale of intoxicating liquors shall be prohibited within the county.
If the county has the right to prohibit, it has the right to prohibit the
sale in every foot thereof, because the Constitution says that the county
may do so. If the precinct has the right to prohibit, as before stated,
no county election can prevent it. Let us suppose that a county election
is held. A number of precincts vote against prohibition, but, when all
votes are counted, prohibition carries. Can it be contended that pro-
hibition is not in force in every part of that county, notwithstanding
the opposition in such precincts? If the contention of the relator be
correct, no county election should ever be held. The election should be
had by precincts, towns, cities, etc.; and, if all are in favor of prohibi-
tion, then prohibition would be in force in the entire county. We do
not so understand the Constitution. The county has the same right to
declare prohibition as the precinct, etc. They stand exactly upon the
same footing with reference to the power to declare it; but not upon
the same footing with reference to the power to repeal it; for, if a pre-
cinct can repeal it, or defeat the county election, so far as that precinct
is concerned, then the county has no right by an election to declare pro-
hibition. All of the acts of the Legislature bearing upon this subject
are in accord with this view. If prohibition is defeated in a county, a
precinct can assert its right, and hold an election at once, if not pro-
hibited by article 3393, Sayles' Revised Statutes, 1897. To illustrate:
Suppose there had been no election in the given precinct, and the county
votes upon the question, and prohibition is defeated, an election can be
ordered at once for such precinct. This is in literal compliance with
the provisions of the Constitution which confer upon the precinct this
right. But, if there had been an election within said precinct within
two years, there is no authority to hold that election until the expiration
of two years. But the rights of the justice precinct, towns, etc., do not
depend at all upon when the county votes, and rejects it.

"A different view of this question is contained in Whisenhunt v. State,
18 Texas Crim. App., 491, decided by a majority of the court. After
that opinion was rendered, the Legislature enacted this provision: 'But
when prohibition has been carried at an election, ordered for the entire
county, no election on the question of prohibition shall be thereafter
ordered in any justice precinct, town, or city of said county, until after
prohibition has been defeated at a subsequent election for the same pur-
pose, ordered held for the entire county in accordance with the provi-
sions of this title.' Sayles' Rev. Stats., art. 3395. This provision was
enacted, no doubt, to meet the opinion in the Whisenhunt case, supra,
and is a very explicit expression of the Legislature's opinion as to the
meaning of the Constitution on this subject. We have had this ques-
tion before us in several cases, and there is not the slightest intimation

to the effect that a precinct, town, or city, etc., can hold an election, when the county has voted prohibition, until prohibition is repealed by a vote of the entire county. Every case referred to is emphatically the other way, when properly understood.

"This question has been before the Court of Civil Appeals in three cases (Kimberly v. Morris, 31 S. W. Rep., 809; State v. Harvey, 33 S. W. Rep., 885; Adams v. Kelley, 44 S. W. Rep., 529), and the same conclusions reached. The last opinion was rendered by Judge Stephens, and cites us to several cases, and we think that the question is forever put at rest in Texas. We are not inclined to depart from our views expressed upon this subject in the former opinions. The writ of habeas corpus is refused."

However, relator here contends, in addition to the contention there, that the provisions of our local option law are violative of certain provisions of the Federal Constitution, in that it denies to a class of citizens the equal protection of the laws, inasmuch as the entire act authorizing local option elections discriminates in favor of the prohibitionists. If it could be said that any citizen or class of citizens had a vested interest in the liquor traffic, there might be some ground for this contention; but all of the authorities, except perhaps those from Kentucky, to which he refers, proceed upon the proposition that there is no such vested right—the liquor traffic is peculiarly within the police power of the States; that the license even, granted to sell liquor is a mere temporary privilege to carry on the business, subject to the will of the grantor, and is not property in the sense which protects it under the Constitution, and that the revocation of the license does not deprive the citizen of his property without due process of law. See Black on Intox. Liq., secs. 101, 126, 127, 128, and authorities cited. See also Prentice on Police Powers, sec. 89. But it is said that those favoring prohibition are granted a right to vote on the question as often as they please, while the antis are not granted the same privileges. As was said in Ex parte Fields, supra, in this State anti-prohibition prevails everywhere until prohibition has been carried; and whenever under the law the affirmative proposition is presented, that is, a vote is submitted as to whether the county, justice precinct, town, etc., shall have prohibition, every citizen and every class of citizens has the same right to vote on the proposition. If anyone, when an election is ordered, were denied the right to vote, which it is said is a high privilege, then relator's contention would be sound; but such is not the case. Whenever the question is submitted, every citizen, regardless of his views, whether he is in favor of prohibition or against it, is entitled to vote on the question. We do not deem it necessary to discuss this question at any greater length, but adhere to the views heretofore expressed. The writ of habeas corpus is refused, and relator remanded to custody.

*Writ of habeas corpus refused.*