## E. H. CANTWELL V. THE STATE.

### No. 3033. Decided January 18, 1905.

**1.—Local Option—Transfer—Practice—Two Days to Plead.**

Where it is not shown upon what date the case was transferred from the district to the county court but that on the 22d of April, 1904, there was a motion to dismiss the case on account of an improper certificate of transfer and in answer to which the court allowed the State to file on the same day another certificate of transfer, when appellant claimed two days in which to file written pleadings and the court required him to proceed with the trial. Held, in the absence of the bill showing the character of the alleged defect in the first certificate of transfer, it can not be assumed from the mere fact that, by the court permitting another certificate to be filed, the former certificate of transfer was insufficient, and if not defective defendant had more than two days to file written pleadings.

**2.—Same—File Number—Presumptions of Fact.**

If the order of transfer from the district to the county court contained merely the file number of the case this was sufficient identification of the case transferred; and it will be presumed that the court was in session when the order was made.

**3.—Same—Petition for Local Option.**

Where the original petition for an election for local option contained the word "sale," but the copy used the word "same," the court permitting the minutes to be corrected at the time and then to be read, there was no error. It was competent to ignore said petition altogether, as the commissioners' court in the first instance could order an election on their own motion, and in support of their action it will be presumed that they did so.

**4.—Same—Election For Entire County.**

The commissioners court could order an election upon the question of local option, for the entire county, regardless of the status of some of the precincts in said county as to local option.

**5.—Same—Evidence—Memorandum—Refreshing Memory.**

Where the witness referred to his book to refresh his memory so as to enable him to testify what was done in the office of the express company with reference to a package for which defendant had given the prosecutor a written order, and identified such order by a mark in connection therewith, there was no error, and such order revoked any former instructions defendant may have given said company with reference thereto.

**6.—Same—Charge of Court.**

Where the court submitted certain facts to the jury and charged if they found them to be true to find defendant guilty of making a sale of whisky in a local option territory: and these facts if found to be true constituted a sale and were the facts introduced in evidence by the State; and also submitted the converse of the proposition in favor of defendant, there was no error.

**7.—Same—Requested Charge—Sale—Accomplice.**

Where the court gave full instructions on accomplice testimony, it was not necessary to give requested charges on this subject, especially where they did not state the law, or to give special charges on the subject of sale.

**8.—Same—C. O. D. Order.**

See opinion for state of facts where defendant could be guilty of making a sale of whisky in local option territory whether he received it C. O. D. or otherwise.

**9.—Same—Agency Immaterial.**

Whether defendant, who was charged with violating the local option law, was acting as the agent of the consignor in disposing of the whisky to the purchaser, or whether he disposed of it on his own account was immaterial.

**10.—Same—Where Orders Were Sufficient, Court Could Assume That Local Option Was in Force.**

Where the orders of the commissioners court in evidence were sufficient to put local option in force, it was immaterial whether the trial court instructed the jury that local option was in force or assumed in his charge that it was.

Appeal from the County Court of Collin. Tried below before Hon. F. E. Wilcox.

Appeal from a conviction of a violation of local option law; penalty, a fine of $35 and twenty days confinement in jail.

The opinion states the case.

*Garnett & Smith,* for appellant.—On question of right of two days to file written pleadings: Art. 567, Code Crim. Proc.; Reed v. State, 3 Texas Crim. Rep., 35; Evans v. State, 36 Texas Crim. Rep., 32 Holden v. State, 71 S. W. Rep., 600; McFadin v. State, 72 S. W. Rep., 172; Lightfoot v. State, 8 Texas Ct. Rep., 878; Johnson v. State, 49 S. W. Rep., 618; Whitesides v. State, 71 S. W. Rep., 969.

*Brown & Hughston,* also for appellant, filed a motion for rehearing.

*Howard Martin,* Assistant Attorney-General, for the State.—In the view I take of this question, it is not necessary to decide whether he was entitled to two days or not in which to prepare for trial, for the reason that the order of transfer first made, as shown by the record herein, was a valid order and certificate of transfer and not subject to the objections urged by appellant in his motion to the jurisdiction of the court. The order of transfer shows the number of the case—No. 7019. This was all that was necessary. It was not necessary for the offense to be named or the name of the defendant to be shown. Haynes v. State, 11 Texas Ct. Rep., 286. The objection that the record shows that the district court adjourned at an impossible date is not well taken, for the reason it will be presumed that as no date of adjournment was given the court was still in session at the time the entry was made to transfer this case to the county court. The entry shows that it was not intended that the — day of ——, 190—, was intended to be the date on which the court adjourned.

The facts briefly stated are, that a package or box containing the whisky in question was shipped C.O.D. to appellant at McKinney, *via* American Express Company. Appellant had not ordered this package containing whisky. Prosecutor Bill Sain desired to obtain some whisky. He approached appellant and asked him if he did not have a box at the express office, and asked appellant to give him an order for the same, which appellant did, which order reads: "Agent, Express Company. Let Will Sain have my box. Len Cantwell. December 3, 03." Whereupon Sain went to the express office, presented the order, paid the $3.50 charges due on the whisky, and obtained same from the express agent. I do not deem it necessary to enter into a dis-

cussion as to whether these facts constitute a sale, as I am unable to distinguish the facts of this case from those of Ashley v. State, 10 Texas Ct. Rep., 271. Upon the authority of that case, the State insists the sale is shown in this case. The fact, if it be a fact, that appellant had informed the express agent not to let out any more packages upon his order, would not in the least change the question, or to distinguish it from the Ashley case. When he gave Sain the written order it was a countermand of his previous verbal order.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $35 and twenty days imprisonment in the county jail; hence this appeal.

This is a companion case to cause No. 3018, Len Cantwell v. State, this day decided; and some of the points are covered by the opinion in that case.

Appellant's first bill of exceptions calls in question the action of the court in compelling him to go to trial without allowing him two days after the indictment was transferred from the district into the county court. The bill shows that said case had been previously transferred from the district to the county court. The date of such transfer is not shown in the bill. On the 22nd of April, 1904, it appears there was a motion to dismiss the case on account of an improper certificate of transfer. In answer to the motion, the court allowed the State to file on said 22d of April, another certificate of transfer. Appellant then claimed two days in which to file written pleadings, under article 567, Code Criminal Procedure. The court refused to postpone, and required him to proceed with the trial. The bill does not show the character of alleged defect in the former order of the court transferring the case. This should have been done, in order that this court might be informed of the error complained of. If on inspection, said former certificate of transfer was not defective, then appellant had two days and more within which to file written pleadings. If we turn back to appellant's plea to the jurisdiction, we find that appellant claimed the District Court of Collin County, adjourned "on the — day of ——, 190—," which was an impossible date. That part of the order was not a necessary part of the transfer, or the certificate of the transfer. It seems that the court was still in session on the 22d of April, when the new order of transfer was procured. It will be presumed that the court was in session at the time the order was made. It will be further seen from said motion to the jurisdiction that the pretended order in the transcript only contains the file number of the case, together with the style, "State of Texas v. L. H. Cantwell," and it is claimed that said order is a nullity because it does not show the nature of the offense. If the order of transfer contained merely the file number of the case, this was a sufficient identification of the case transferred. Haynes v. State, 11 Texas Ct. Rep., 286. However, this order of transfer is not contained in the motion, nor does the motion assume

to set up any copy thereof. So, if we were permitted to recur to the proceedings in connection with the motion, we would not be informed as to what said order of transfer contained. We do not think the court was required, under the circumstances, in the absence of a better showing, to have postponed the case, giving appellant two days. The bill of exceptions should have shown the original order of transfer, so that we might be informed as to whether the same was invalid. If shown to be invalid there might be something in appellant's contention. We do not think the mere fact that the court permitted another certificate to be filed, establishes the fact that he former certificate was insufficient.

Appellant complains, in a lengthy bill of exceptions, that the court improperly admitted in evidence the order of election. He claims that the petition presented to the commissioners court contained less than the required number of names, and that said petition, as approved in the minutes of the court, was not an application to vote on the question of prohibiting the sale of intoxicating liquors, but instead of "sale" the word "same" appears. It seems that the original petition which was produced, contained the word "sale," but the clerk in copying used the word "same." The court permitted the minutes to be corrected at the time, and then to be read. As to the number signing the petition, we believe that the court could look to all the names appearing to that petition. We also believe it was competent for the court to have the minutes corrected, in accordance with the recitation in the original petition, which was on file with the clerk. It was competent for the court to ignore the petition altogether, although the minutes recited that the commissioners court ordered the election on petition. Under the law, it was competent for the commissioners court to order an election of their own motion, and in support of their action, it will be presumed that they acted on their own motion, notwithstanding the recitations in the order. Lambert v. State, 37 Texas Crim. Rep., 232. It was competent for the court to order an election in the county notwithstanding the status of some of the precincts in the county as to local option. Ex parte Rippy, 44 Texas Crim. Rep., 72; Ex parte Fields, 39 Texas Crim. Rep., 50; Ex parte Heyman, 78 S. W. Rep., 349.

We also believe it was competent for the court to authorize the witness Walter Wilson to refer to his express books, in order to refresh his memory, so as to enable him to testify in regard to what was done in his office with reference to the package. After his memory was refreshed he testified that Cantwell made an order for the package, notwithstanding it seems to have been sent to Cantwell. He identified the order by a mark he placed in connection therewith. It did not matter that Cantwell had previously instructed the express company not to deliver any packages on his orders. If he had done so, the order given was a revocation of his former instructions on the subject.

Appellant complains of the court's charge in submitting to the jury certain facts. If they found them to be true to find the defendant guilty of making the sale of the whisky in question. These facts, if

found to be true, constituted a sale, and they were the facts introduced by the State in evidence. We do not believe the court erred in submitting them to the jury. Ashley v. State, 10 Texas Ct. Rep., 271. The converse of this proposition seems to have been given by the court in favor of the defendant.

We do not believe it was necessary for the court to give special requested instructions on the subject of a sale. The court gave a full charge on accomplice testimony, and it was not necessary to give the requested charge. Besides, such requested charge is not the law. As far as the C.O.D. proposition is concerned, appellant could make a sale of the whisky whether he received it C.O.D. or otherwise.

As stated before, although appellant may have previously instructed the express company not to honor his orders, if he subsequently made an order, this would be considered a revocation of his former instructions. At any rate it afforded Sain, the purchaser, authority to get the liquor. He got it on appellant's order, and appellant is estopped thereby from claiming that he did not intend for Sain to get the whisky on his order. Whether appellant was acting as the agent of the consignor in disposing of the liquor to Sain, or whether he disposed of it on his own account is immaterial; and appellant's requested charge on that subject was not called for.

We believe the orders exhibited in evidence were sufficient to put the local option law in force in Collin County; and it is immaterial whether the court instructed the jury that local option was in force in said county or assumed in the charge that it was in effect. It was not proper to have given the requested instructions on that subject.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]