

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable W. A. Morrison
Criminal District Attorney
Milam County
Cameron, Texas

Dear Sir:

> Opinion No. O-1892
> Re: Is that portion of precinct 5, Milam
> County, which was taken from precinct
> 5 and added to precinct 1 prior to
> 1933 wet or dry?

This will acknowledge receipt of your letter requesting our opinion as
to the wet or dry status of a portion of precinct one of your county
under the liquor laws. We quote from your letter as follows:

> "On December 21, 1917, a county-wide prohibition election was held
> in Milam County. This election was carried for prohibition. At the
> time of this election both Precinct 1 and Precinct 5(being adjacent
> precincts) of this county were wet. The dry status of Milam County
> did not change until 1933, when by another county-wide election
> Milam County became wet.
>
> "During the interim between 1917 and 1933 a certain portion of
> Precinct 5 was cut therefrom by the action of the Commissioners' Court
> of this county and added to Precinct 1. From 1933 to 1936 beer was
> sold in Precinct 5 as well as Precinct 1. In 1936 an election was
> held in Precinct 5, as the same was then defined by virtue of the
> action of the Commissioners' Court as aforesaid, which said election
> carried for prohibition. The question has now arisen as to whether
> or not that portion of Precinct 5 which was taken from Precinct 5
> and added to Precinct 1 prior to 1933 is wet or dry."

Following the county-wide election of 1917, the whole of Milam County
become dry territory, there being no sanction for wet precincts within dry
counties. See Coker v. Kneicik (Tex. Comm. App.) 126 Tex. 440, 87 S. W.
(2d) 1076, Citing Ex parte Fields, 39 Tex. Cr. R. 50, 46 S. W. 1127;
Kimberly v. Morris, 10 Tex. Civ. App. 592, 31 S. W. 809: State v. Harvey,
11 Tex. Civ. App. 691, 33 S. W. 885; Adams v. Kelly, 17 Tex. Civ. App.
497, 44 S. W. 529.

In 1919, Section 20 of Article 16 of the Texas Constitution was amended to establish prohibition throughout the State. The amendment of 1933, authorized the sale of vinous and malt liquor of three and two-tenths percent (3.2%) alcholic content by weight, but provided that all counties and political subdivisions thereof, wherein the sale of intoxicating liquors had been prohibited by local option elections prior to the prohibition amendment, it should continue to be unlawful to "manufacture, sell, barter or exchange" any liquors capable of producing intoxication "unless and until a majority of the qualified voters in said county or political subdivision thereof voting in an election held for such purpose shall determine it to be lawful * * *."

When Milam County voted wet in 1933, the sale of beer became legal except in those precincts wherein local option had been adopted through precinct elections. Jackson v. State, 135 Tex. Cr. R. 140, 118 S. W. (2d) 313. Therefore, after the election the sale of beer became legal in both precinct 1 and precinct 5, according to your statement.

As both precincts occupied the same status at the time the Commissioners' Court redefined the boundaries thereof, it is our opinion that the action of the Court in changing the areas of the precincts had no effect insofar as the prohibition question is concerned.

In 1935, Section 20 of Article 16 of the Constitution was again amended to permit the sale of all liquors, except in counties and political subdivisions thereof wherein local option had been adopted prior to 1919. Paragraph (b) of this amendment required the Legislature to make provision, for local option elections in counties, justice precincts or incorporated towns or cities. The election of 1936 in precinct 5 of your county was thereby authorized.

You are therefore advised that the portion of precinct 5 which was taken from precinct 5 and added to precinct 1 prior to 1933 is wet territory, based upon the facts submitted by you.

Yours very truly,

APPROVED FEB. 5, 1940
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

s/ Benjamin Woodall

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN

By

    Benjamin Woodall
      Assistant

BW:rs