FRANK BOWMAN v. THE STATE.

No. 821. Decided May 26, 1897.

Motion for Rehearing Decided June 26, 1897.

**1. Construction and Interpretation of Laws—Rules as to.**

It is a familiar rule of construction, applicable alike to constitutions and statutes,. that all laws are to be construed with reference to the existing evils to be remedied. The intention and object sought to be accomplished exercise a potent influence in determining the meaning of not only the principal but also the minor provisions of a statute. Such interpretation must be given as will carry out the substantial intention of its enactment, viewed in the light of the surrounding circumstances under which. it was adopted.

**2. Local Option—Constitutional Law.**

The Constitution, art. 16, sec. 20, required the Legislature to pass laws authorizing the people, "by a majority vote, to determine, from time to time, whether the sale of intoxicating liquor shall be prohibited within the prescribed limits." The Legislature, by the Revised Statutes, art. 3384, authorized the submission of the matter to a vote of the people, without restriction or limitation, in accordance with the Constitution. Art. 3385, making exceptions as to sacramental and medicinal liquors, is in the nature of a proviso, and is not in conflict with, or violation of, the constitutional provision above quoted.

**3. Same—Exceptions—Sacramental and Medicinal Liquors.**

In adopting our constitutional and local option laws, the object was to circumscribe the liquor traffic, not to interfere with religious usages equally protected by the Constitution, nor with the use of liquors for medicinal purposes; and it was in keeping with the spirit of the Constitution to authorize communities to abolish the sale of intoxicants for all purposes except those deemed essential to the health and moral well being of society. And such law is not void because the Legislature has seen fit to engraft upon it, when adopted by the communities, the exceptions enumerated in article .3385.

**4. Same—Notices of Election—Burden of Proof.**

On a contention that notices for a local option election had not been duly and legally posted, the burden of proof is on the defendant, and it is not material that one of the notices was torn down before it had remained posted for the time required by law.

**5. Same—Election—Justice Precinct Which Embraces a City.**

Where a local option election is for an entire justice precinct, and the same embraces a city, and there was but one voting place for the entire precinct, at which voters of both city and country voted, the election was in conformity with Revised Statutes, art. 1705, and was not void because there was no separate election or voting place in the city.

ON MOTION FOR REHEARING.

**6. Same—Proof of Venue.**

On a trial for a violation of local option in Justice Precinct No. 1, C. County, where the record shows that the trial occurred in C. City, and that C. City was in Justice Precinct No. 1 of C. County, Held, the venue of the offense was sufficiently established.

**7. Same—Order Declaring Result—Quasi Judgment—Burden of Proof.**

The order of the Commissioners Court declaring the result, and validating a local option election, is in the nature of a quasi judgment; and, where a collateral attack is made upon it, it will be presumed that it was rightfully and properly entered; and the burden of proof to show its invalidity is upon the attacking party.

APPEAL from the County Court of Coleman. Tried below before Hon. B. F. ROSE, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

Defendant made a motion to quash the information, which was overruled.

Objection was made to the reading, in evidence, of the order of the commissioners court ordering the election, first, because the acts of the Legislature authorizing the submission of the issue of local option are unconstitutional, in that said acts of the Legislature submit an issue not authorized by the Constitution of this State and incorporate an unauthorized exception upon the Constitution, in that only the prohibition of sales for certain purposes are voted upon and prohibited, while sales

for other purposes named are excepted, when in fact the Constitution only authorizes the submission to the people of the issue whether or not all sales shall be prohibited, and the Legislature has no power to incorporate an exception upon the Constitution; second, because said order for election fails to order an election or provide for the holding of an election for the city of Coleman, as required by law; third, because there are no sufficient allegations in the information to authorize the introduction of the evidence.

Objection was also made to the reading in evidence the order of the commissioners court, declaring the result of the election, for the same reasons set out above to the order for the election.

*Sims & Snodgrass,* for appellant.—The Legislature has no power to either add to or take from the Constitution of the State, and the Constitution having authorized the Legislature to submit the issue to the people whether the sale of intoxicating liquors should be prohibited, the Legislature had no right to submit to the people an issue whether or not certain class of sales should be prohibited and other sales permitted, the language of the Constitution clearly covering and embracing all sales.

The Constitution says that "the Legislature shall, etc., * * * at its first session, enact a law whereby the qualified voters may by a majority vote determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." The only power conferred upon the Legislature by said provision is to prescribe the manner of expressing the popular will upon the prohibition of all sales of intoxicating liquors. The constitutional provision can only mean all classes and varieties of sales, and not certain classes of sales. If it had been the intention of the Constitution to confer a discretionary power upon the Legislature to prescribe against such sales only as were made for beverages and permit others, language expressing such intent would have been used. On the contrary, the provision of the Constitution does not leave the issue to be presented to the voters to the will of the Legislature, but expresses what issue shall be determined by the voters, and only confers power upon the Legislature to pass laws regulating the manner of holding the election or rules and regulations for determining the voice of the majority of the voters in the territory where prohibition is sought to be carried and enacted. The Legislature, in exercising this power, passes acts which authorize the submission of the question, not whether the sale of intoxicating liquors shall be prohibited, but whether the sale of same, with certain named exceptions, shall be prohibited. It is true the Legislature seeks to evade the terms of the Constitution by making the issue submitted in accordance with the terms of the Constitution, but the same act which does so says the vote when so expressed shall not include certain named sales, which is in effect voting to have certain sales prohibited and other sales exempted. It is too clear for argument that the submission of such an issue

is a material change of the Constitution, provided the instrument contemplated the submission of the question of prohibition of all sales, as there would evidently be many who would vote for this limited prohibition who would not vote for prohibition of all manner of sales. We find no warrant in the Constitution for this discrimination upon the part of the Legislature in favor of the man who wants to buy or sell intoxicating liquors for religious or medicinal purposes and one who wishes to do so for a beverage. McCreary on Elec., sec. 24; Cool. Const. Lim., sec. 64, p. 78, and authorities cited, note 5.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law in precinct No. 1 of Coleman County, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail; hence this appeal.

The court did not err in refusing to quash the information in this case. See Key v. State, 37 Texas Crim. Rep., 77.

Appellant contends that the act of the Legislature under which the question of local option was submitted to the voters of precinct No. 1 in Coleman County is unconstitutional and void, because the Constitution authorizes the submission to the voters of the county whether the sale of intoxicants shall be prohibited within the prescribed limits; and it is contended that the act of the Legislature which authorizes the submission of the question to the people is unconstitutional, because said act, in effect, authorizes the submission to the people of the question of prohibiting all sales of intoxicating liquors, except for sacramental and medicinal purposes, thus authorizing people to vote, not on the question of the absolute prohibition of the sale of liquor, which the Constitution authorizes, but authorizes them to vote on the regulation of sales, or, in other words, to vote to prohibit sales, except for certain specified purposes. Section 20, article 16, of the Constitution, is in the following language: "The Legislature shall at its first session enact a law, whereby the qualified voters of any county, justice precinct, town, or city (or such subdivision of a county as may be designated by the commissioners court of said county) may by a majority vote determine from time to time whether the sale of intoxicating liquor shall be prohibited within the prescribed limits." The act of the Legislature regarding local option authorizes the submission of the question of local option to a vote of the people, and this is without restriction or limitation. See Revised Statutes 1895, art. 3384. Article 3388, in providing for said submission, requires two character tickets to be voted at said election, one indorsed, "For Prohibition," and the other, "Against Prohibition." This submission is in exact conformity with the provisions of the Constitution, and the fact that the Legislature has also seen fit to enact "that said vote, when taken, and the majority has declared in favor of prohibition, shall

not be construed to prohibit the sale of wines for sacramental purposes, nor alcoholic stimulants, as medicines," etc., does not nullify the submission of the question, which, as before stated, is in conformity with the Constitution. The question, as we understand it, is not now before us, whether or not the sale for sacramental or medicinal purposes is prohibited by law. The sale in question was not for such a purpose. Whether or not it is the province of the Legislature to construe said constitutional provision, or to put a construction upon the vote cast so as to authorize the sale of intoxicating liquors for certain purposes is not now before us. The construction of the Constitution or of a statute is not a matter for the Legislature, but for the judiciary. The act authorizing the submission of the question of local option to be voted upon, as stated above, is in accord with the Constitution; and article 3385, Revised Statutes 1895, is in the nature of a proviso. It would be entirely competent, in construing said act, to uphold that portion of same authorizing the submission of the question as in consonance with the Constitution, and to reject that portion of the act which is in the nature of a proviso.

Concede, however, that the constitutional question is here presented; that is, that the act of the Legislature authorizing a submission of the question of local option to be voted on by counties, precincts, etc., authorized them to vote, not a total prohibition, but a partial prohibition (that is, that the real question voted on by the people of the precinct in question was, as claimed by appellant, to prohibit the sale of intoxicating liquors, etc., save and except for medicinal and sacramental purposes); then let us see how the matter stands. The contention of appellant, as we understand it, is that the Legislature, under the Constitution, had only the power to submit the question of the total prohibition of all sales of intoxicating liquor within the local option district, and that when they submitted the question of prohibition the proviso in favor of the sale of intoxicants for medicinal purposes, and wines for sacramental purposes, was beyond their power, and rendered the whole law null and void. In our opinion, such an act would not be violative of said constitutional provision. It is a familiar rule of construction, applicable alike to statutes and constitutions, that all laws are to be construed with reference to the existing evils to be remedied. In passing the constitutional provision in question, there was no existing evil in a sale of intoxicants as medicines or for sacramental purposes. By reference to the history of those times, it will be seen that the restriction and abolition of saloons was the subject aimed at. Drunkenness and its attendant evils were abroad in the land. This was caused by the liquor traffic. "Where the meaning of a statute [we interpolate, "or Constitution"] is not plain, a court is warranted in availing itself of all legitimate aids to ascertain the true intention, and among them are some extraneous facts. The object sought to be accomplished exercises a potent influence in determining the meaning of not only the principal, but also the minor, provisions of a statute. To ascertain it fully, the

court will be greatly assisted by knowing, and it is permitted to consider, the mischief intended to be removed or suppressed, or the necessity of any kind which induced the enactment." Suth. Stat. Const., sec. 292, and authorities there cited. And so we have in the construction of powers as follows: "Such an interpretation must be given to the instrument as to carry out the substantial intention of the party creating the power, not restraining or lessening it by a narrow and rigid construction, nor by a loose and extended interpretation, dispensing with the substance of what was to be performed." 18 Am. and Eng. Enc. of Law, p. 895, note 2. Now, we take it, in adopting the provision of the Constitution in question the people intended to prohibit the liquor traffic; and, because the language used is general and comprehensive, it was not intended to put a limitation upon the power of the Legislature to authorize the sale or disposition of liquor for purposes that were necessary and not harmful. When our people adopted this constitutional amendment, we were not unmindful that this was a Christian country, in which the orthodox religion was the basis and substratum of our civilization; and to be considered in pari materia with this provision of our Constitution they had in view section 6 of the Bill of Rights, which, among other things, provides, "All men have the natural and indefeasible right to worship Almighty God according to the dictates of their own consciences," etc., and further provides, "And no human authority ought in any case whatever to control or interfere with the rights of conscience in the matter of religion, and no preference shall be given by law to any religious society or mode of worship." It was not proposed to abolish the sacrament, which is one of the fundamental ceremonies of our religion, which idea would be involved in the construction sought,—that wines could not be bought or sold for sacramental purposes. It was further known at the time that alcohol, in various forms, was in common use among the people in case of sickness for medicinal purposes; alcohol, in various forms, entering into combination with many of the most useful medicines belonging to the profession. These were not evils to be provided against, but privileges to be conserved; and it is not inimical to a proper construction of .the provisions of the Constitution in question to interpret it in the light of the surrounding circumstances under which it was adopted. In making it a part of the fundamental law, the people sought to circumscribe the liquor traffic, and to place it within the power of communities to adopt laws for this purpose; and it is in keeping with the spirit of this enactment to authorize communities to abolish the sale of intoxicants for all purposes except those deemed essential to the health and moral well-being of society. This is not a question of ultra vires (that is, that the Legislature has exercised more authority than that conferred upon it by the Constitution), but the contention is that they have exercised less. In our judgment, the greater includes the less; and in this instance the law is not rendered void, as being unconstitutional, because the Legislature may have seen

fit to ingraft on the law, after it has been adopted by the communities, the exceptions enumerated.

It is also contended that the court erred in instructing the jury as follows: "You are instructed that if you believe from the evidence, beyond a reasonable doubt, that the defendant, as charged in the information, did sell intoxicating liquors to said T. R. Austin, you will find him guilty, and so say by your verdict," etc. It is contended that the effect of this instruction was to entirely ignore appellant's defense with reference to the regularity of the proceeding by which local option was adopted in said precinct. The charge in question only authorized a conviction of defendant if the sale was as charged in the information. The information charged that the sale was made after local option had been legally adopted in said precinct. The court moreover instructed the jury, in connection with said charge, specifically as to the regularity of said election, and the defense set up in regard thereto by the appellant, to wit, the jury were, in substance, instructed, if they believed that the five notices required by law were not posted for the space of twelve days before said local option election, to acquit the defendant.

Appellant further complains that, in connection with his defense as to the posting of notices, the court committed an error in instructing the jury that the burden of proof was on the defendant to show that the notices were not posted. This instruction was in accordance with the rule heretofore laid down by this court. See Irish v. State, 34 Texas Crim. Rep., 130; Morton v. State, 37 Texas Crim. Rep., 131. We have examined the record in regard to the posting of said notices, and in our opinion the proof was ample upon this point. Two of the notices, perhaps, were not seen posted by the witnesses who speak of them until a portion of the time had expired. But the testimony all tended to show that the notices were posted at the same time. Nor is it material that one of said notices was torn down before it had been up the required length of time. The law only requires said notices to be posted, and does not render the election void because, after they were so posted, one of the same was torn down and destroyed.

Appellant insists that the election was void because no election was held for the city of Coleman upon the question of local option. The city of Coleman was in precinct No. 1 of Coleman County, and the election in this instance was for the entire justice precinct. It does not appear that there was more than one voting precinct provided for in said justice precinct. At this precinct, all of the voters who desired to, whether they lived in the town or country, deposited their ballots. This was in accord with the law. See Revised Statutes 1895, art. 1705. The election in this instance did not pertain solely to the affairs of the town of Coleman.

We have examined the record in this case carefully, and the proof shows beyond question that intoxicating liquor was sold to the prosecutor by the defendant. This was denied by the defendant in his testimony, but the jury settled this controversy, and we see no reason for

dusturbing their verdict. No errors appearing in the record, the judgment is affirmed.

*Affirmed.*

After the foregoing opinion was handed down, appellant's counsel filed the following motion for rehearing:

1. Because the court erred in not sustaining the sixth assignment of error, wherein the defendant challenges the correctness of the clause of the general charge of the court, wherein the court charges that the burden of proof is upon the defendant to show that the notices were not posted, and in not sustaining the other assignments of error wherein the defendant assigns error upon the refusal to give special charges asked by him, wherein the court was requested to charge the jury that the orders were only prima facie evidence and open to be rebutted by proof by defendant, and that if taking into consideration all the evidence on that question considering said order as prima facie only, they were not satisfied that the notices were posted, then defendant would be entitled to be acquitted and the election would be invalid.

2. Because the court erred in not sustaining the fourth ground of appellant's assignment of error number 14, which is as follows: Because the evidence is not sufficient to warrant a conviction or show a violation of the law in precinct No. 1, Coleman County, Texas, it being intended by same to call the court's attention to the fact that there was no evidence that the defendant ever sold T. R. Austin any intoxicating liquor in justice precinct No. 1, as alleged in the complaint and information.

*Sims & Snodgrass,* for the motion.—1. Upon the question raised in the second ground, that there was not sufficient proof of the venue, appellant says that the evidence does not show such proof. The testimony of the State's witness Austin, who testified that he purchased the whisky from defendant, does not establish the venue, and there is no other testimony on the point. He states only as follows: "This was in this precinct, and in Coleman County, Texas." We submit that this is not sufficient to show affirmatively that the sale took place in justice precinct No. 1. The witness does not so state. He does not say that the sale took place in any particular precinct, or whether it was in a justice, commissioner's, election, or school precinct, much less that it was in justice precinct No. 1. What precinct does he mean, and what number of justice precinct, No. 1, 2, 3, or 4? The court will observe that this is an agreed statement of facts and approved by the court, and it is therefore apparent that this was all the statement of the witness; and we submit that this does not fulfill the demands of law on the proof of venue.

2. Upon the question that the fact that the statute makes the order of the commissioners court declaring the result prima facie evidence of the fact that all the prerequisites of the law concerning the holding of the election and the posting of the notices had been complied with, and that this does not authorize the court to charge that the burden of proof

is therefore upon the defendant to show that the notices were not posted, we desire to call the court's attention to some additional authorities that we regard as being in point, which were not submitted to the court upon original presentation of the case.

That the evidence clearly raises the issue can not be gainsaid, because the clerk swore that he did not post them, but gave them to Sheriff Kingsberry or his deputy, Blackburn or Goodfellow, to post. Kingsberry swears that he did not post them. Blackburn states that he did not post but two; that he may have posted the one at the courthouse door. Goodfellow swears that he did not post but one, and possibly the one at courthouse door; which makes it certain that he or Blackburn posted this one; there was but one other deputy, and he swears that he did not post any. It is true they swear (that is, Goodfellow and McElrath swear), that they will not swear as a fact that they did not post any others, but each swears that to the best of their knowledge and belief they did not, which is all any honest man could swear in any case. There certainly can be no question but what this evidence raises the issue for decision by the jury. This being so, then if the charge was a greater burden than the law required, the case should be reversed, exception being duly reserved.

Prima facie is a law phrase strictly, and it has a clear, definite meaning at law, and had been given a judicial construction by the Supreme Court of this State when it was used by the Legislature in this statute, it being first used in the Acts of 1887, and the decision in Clark v. Hiles, in 2 Southwestern Reporter, p. 356, by Chief Justice Willie, was rendered 12th December, 1886. This decision clearly decides the point that the fact that one fact proved which makes a prima facie case does not in any case shift the burden of proof. With this judicial declaration, under every rule of construction the Legislature is presumed to have had cognizance when it used this law phrase. It is a little remarkable that the Legislature used this phrase, which is Latin, if they meant to change the burden of proof, and did not instead say the burden of proof shall be on the defendant, which term could be of no mistaken import.

Black on Interpretation of Laws says: "The technical terms and phrases of the law when found in a statute must be taken in their proper technical signification, unless there is something in the context to show that they were intended to bear a different meaning. Where a word or phrase has a clear, definite, and settled meaning at common law, it is to have the same meaning in the construction of a statute in which it is found, unless it is plainly apparent that such was not the legislative intention. Further, when words or phrases are used in a statute which have received a judicial construction before its enactment, they are to be understood according to that construction, unless the statute clearly requires a different one." See p. 130 and authorities there cited, and pp. 131, 132. If this be a true statement of the law by Mr. Black, can there be any escape from the conclusion that the charge would be erroneous in a civil case in view of the decision by Judge Willie? See Anderson's

Law Dictionary, under head of "Proof," p. 834; also in point, Pease v. Cole, 53 Conn., 71; Central Bridge Co. v. Butler, 2 Gray, 130.

In the case in 2 Gray, the Supreme Court of Massachusetts says: "The plaintiff asked the judge to rule that the passing of the plaintiff's bridge by the defendant without paying toll being proved, the burden of proof was upon the defendant to prove that he had a right to pass the bridge without paying toll, and that no such defense was open under the general issue, and the court says: "It was incumbent on the plaintiff to prove a liability on the part of the defendant to pay the tolls which they sought to recover in this action. For this purpose they relied upon the implied assumpsit arising from the proof that the defendant had passed their bridge without paying the usual tolls. This made out a prima facie case, and would entitle them to recover unless the defendant offered some evidence to rebut it. But it does not follow that the burden of proof was thereby shifted. The burden of proof and the weight of the evidence are two different things. The former remains on the party affirming a fact in support of his case, and does not in any aspect of the case change. The latter shifts from side to side in the progress of the cause according to the nature and strength of the proofs offered in support or denial of the main fact to be established. In the case at bar, the averment which the plaintiff was bound to maintain was, that the defendant was legally liable for the payment of the tolls. In answer to this, the defendant did not aver any new fact, such as payment, accord, and satisfaction or release, but offered evidence to rebut this alleged liability. By so doing he did not assume the burden of proof, which still rested on the plaintiff, but only sought to rebut the prima facie case which the plaintiff had proved against him. The ruling of the court was therefore correct." This reasoning by the learned court is strictly applicable to this matter. The opinion of the Connecticut Supreme Court is equally strong in the case cited, and we invite the court to a consideration of the same. It is true this case is not one of very great importance, but the principle involved in this matter presented, if adhered to, is far reaching in its effects, and we think the assignments presenting this question can not be overruled without doing violence to well founded legal principles, and we therefore respectfully request the court to review these matters.

### ON MOTION FOR REHEARING.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail, and prosecutes this appeal. The judgment of the lower court was affirmed at a former day of this term, but appellant comes before us on motion for rehearing.

There are but two questions that require consideration from us. Appellant contends that the venue was not sufficiently proved, it being insisted

that Austin is the only witness who testified as to venue, and, after stating the purchase of the liquor, and from whom, he only states that this occurred in this precinct, and in Coleman County, State of Texas. The record shows that this trial occurred in Coleman City, and that Coleman City was in precinct No. 1 of Coleman County; and that this, in connection with the testimony of said witness Austin, sufficiently establishes the venue of the offense. Appellant also contends that the charge of the court to the effect that the jury were instructed that the burden of proof was on the defendant to show that the notices were not posted was error, and he cites us to a number of authorities upon this question; the contention being that article 3390, Revised Statutes 1895, which makes the order of the commissioners court declaring the result of the vote on local option, and absolutely prohibiting the sale of intoxicating liquors within the prescribed limits, prima facie evidence that all of the provisions of law have been complied with in giving notice of and holding said election, and in counting and returning the votes and declaring the result thereof, does not shift the burden of proof. Among other cases, we are referred to the case of Clark v. Hiles (Texas Sup.), 2 S. W. Rep., 356. We have examined that case, and find in it an exhaustive discussion of the meaning of the term "prima facie," as applied to evidence, and the court there holds that the use of the term "prima facie," as applied to evidence, does not shift the burden of proof. We would be inclined to hold with that case if this were a direct proceeding to invalidate the local option election, under article 3390, Revised Statutes 1895. We hold, however, in this case, that the order of the court validating the election is in the nature of a quasi judgment, and that in a collateral attack, as here made, it will be presumed that same was rightfully and properly entered, and, if appellant would overturn the same, the burden is on him to do so. See Irish v. State, 34 Texas Crim. Rep., 130; Morton v. State, 37 Texas Crim. Rep., 131. We accordingly hold that the court below did not err in giving the instruction placing the burden of proof upon the appellant.

The motion for rehearing is overruled, and the judgment affirmed.

*Motion overruled.*