WARD ROPER ET AL. W. D. McKOY ET AL.

Decided May 31, 1902.

**Local Option Election—Mandamus.**

Where an election has been duly had within less than a year past prohibiting the sale of intoxicating liquors throughout an entire county, citizens of a given division of the county are not entitled to have an election held therein to determine whether liquors may be sold in such division, and a mandamus will not be awarded to compel the commissioners court to order such election.

Appeal from Johnson. Tried below before Hon. William Poindexter.

*S. C. Padelford, H. P. Brown,* and *W. H. Bledsoe,* for appellants.

*W. B. Featherstone, W. D. McKoy,* and *Goldsmith & Walker,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit and application by the plaintiffs against the Commissioners Court of Johnson County, Texas, for an alternative and peremptory mandamus commanding and compelling said Commissioners Court to order a local option election in a certain division of Johnson County, Texas, laid out and described and designated by said commissioners court for the purpose of holding local option elections therein. The application and petition for mandamus in substance alleges that plaintiffs were resident citizens and qualified voters of said subdivision, and that they sue in their own behalf and on behalf of divers and sundry other persons whose names are too numerous to mention, and who were and are qualified voters in said designated subdivision. That the defendant W. D. McKoy is and was county judge of Johnson County, Texas, and ex officio presiding officer of said Commissioners Court of Johnson County, Texas, and that the other four defendants are and were duly elected and qualified commissioners of Johnson County, Texas, and that all the defendants form and compose the Commissioners Court of Johnson County, Texas; that on the 11th day of November, 1901, the said Commissioners Court, while in regular session, entered an order and judgment, ordering, adjudging, and decreeing that a certain described subdivision of Johnson County, Texas, be and the same was set apart and designated as a subdivision of Johnson County, Texas; for the purpose of holding local option elections for the purpose of determining by majority vote of the qualified voters of such subdivision of said county whether the sale of intoxicating liquors shall be prohibited within the prescribed limits of said subdivision. The said subdivision is described by metes and bounds in plaintiff's petition, and also in said order of the Commissioners Court setting apart and designating said subdivision.

That thereafter on the 14th day of November, 1901, a petition signed by 650 qualified voters and resident citizens of said subdivision was presented to said defendants as such Commissioners Court, praying that a local option election be ordered in said subdivision as required by law, etc. And that said Commissioners Court on said last day and date refused to order said local option election in said subdivision, and that the said Commissioners Court had failed and refused and still fails and refuses to order such election. This petition was properly sworn to, and the Hon. T. F. Nash, judge of the Fourteenth Judicial District of Texas, granted the alternative mandamus, directing the defendants to appear an the 16th day of December, 1901, and show cause, if any they

had, why the peremptory mandamus should not be granted as prayed for in said petition. Copies of the order setting apart and designating said territory by the Commissioners Court and the petition praying for said election are made a part of plaintiffs' petition.

The respondents filed their return and answer on the 13th day of December, 1901, wherein they admit that they constitute and compose the Commissioners Court of Johnson County, Texas, and that they set apart and designated as a special local option district for the purpose of enabling the qualified voters therein to determine according to law whether or not the sale of intoxicating liquors should be prohibited within the limits of said designated territory. And also respondents admitted that a petition had been presented as pleaded by plaintiffs, signed by 650 qualified voters of said territory, praying the court to order said election, and that said respondents failed and refused to order said election for the reasons, first, the plaintiffs and other petitioners were not entitled to have a local option election in the above mentioned territory, because the laws of this State do not authorize and empower the commissioners court to grant and order such election; second, because a local option election had been ordered and held for the whole county of Johnson on the 13th day of September, 1901, and that said election resulted in favor of local option, a majority vote having been cast for local option, and that the said County Commissioners Court had declared the result of said county election and ordered that the sale of intoxicating liquors be absolutely prohibited within the limits of Johnson County, etc. And that no other local option election had been held in Johnson County except the one held the 13th day of September, 1901; and that said order had been published in the Cleburne Chronicle, the same having been designated by the defendant, the county judge, as a paper published in Johnson County to publish the result of said election, and that the said paper had published the said order on the 3d day of October, 1901, and in subsequent issues of said paper. And that said subdivision is a portion of precinct No. 1, and does not contain as much territory as precinct No. 1.

The plaintiffs by supplemental petition, filed on the 28th day of December, 1901, in reply to respondents' return and answer, plead among other things, that the local option election pretendedly held for the county of Johnson on the 13th day of September, 1901, was not a legal and valid election for the reasons contended for in the case of Roper v. Scurlock, this day decided.

In that case we held that the election held in Johnson County on the 13th day of September, 1901, to determine whether the sale of intoxicating liquors should be prohibited in that county, was valid, and that the action of the Commissioners Court in so declaring and in publishing the order putting the law in force in the county of Johnson was legal and valid. Local option having been adopted and put in force in the county, the Commissioners Court did not err in refusing to grant the

order of the petitioners. There was no error on the part of the trial court in refusing the relief prayed for by appellants. The judgment is affirmed.

*Affirmed.*

Writ of error refused.