## M. J. SWEENEY ET AL. v. G. P. WEBB ET AL.

### Decided October 24, 1903.

**1.—Local Option Election—Publication of Result—Ministerial Act—Injunction.**

The publication in a newspaper of the result of a local option election, after the county judge has selected the newspaper, is not a legislative act, but a ministerial one, such as may be enjoined by writ of injunction.

**2.—Injunction—Void Law—Irreparable Injury.**

Injunction will lie to restrain the enforcement of a law that is void where its threatened enforcement will render worthless the property of the complainant, destroy his business, and do him irreparable injury.

**3.—Local Option Election—Injunction—Unconstitutionality of Law—Equity Power.**

Where it is shown that the putting into effect of a local option law and its threatened enforcement will imperil and destroy the pecuniary rights of one lawfully engaged in the sale of intoxicating liquors within the limits of the prohibited locality, and the law is challenged as being unconstitutional, a court of equity has the power to interfere and determine the controversy.

**4.—Same—Constitutionality of Statute—Cities and Towns.**

The Constitution (sec. 20, art. 16) requires the Legislature to enact a law whereby the voters of any county, justice precinct, town or city (or any such subdivision of a county as may be designated by the commissioners court) may adopt laws prohibiting the sale of intoxicating liquors therein; and article 3384, Rev. Stats., provides that the commissioners court of any county may order such election for the county, or any commissioner's or justice's precinct or school district, or any two or more of such political subdivisions—not specifically mentioning town or city; but by other provisions it is required that the commissioners court shall order such election upon petition by 250 voters of any county, or fifty in any other political subdivision or school district as may be designated by said court, or in any city or town, and it is further provided that the right of a city or town to have such election shall not be denied because it forms a part of one of such other subdivisions, and that no city or town shall be divided in holding such an election for any of such other subdivisions. Held, that the statute sufficiently recognizes the right to hold such an election for cities and towns, and is not invalid as failing to comply with the Constitution in that respect.

**5.—Same—Cities and Towns—Voting Off the Law.**

The statute is not unconstitutional because it does not allow the voters of a city or town, when prohibition has been carried for the entire county, to repeat or vote off the law from itself until it is repealed in the entire county, since the statute places cities and towns on the same footing as the other subdivisions in this respect.

**6.—Same—Grant of Power to Legislature—Exercise in Part Only.**

The Constitution having empowered the Legislature to enact a statute authorizing the commissioners court to subdivide the county in ordering local option elections, such statute is not invalid because it does not confer the full power on said court, but authorizes it only to make subdivisions subject to certain limitations, since the grant of the greater power includes the lesser.

**7.—Same—Statute Invalid in Part Only.**

If the Legislature exceeded its power in authorizing elections for school districts and commissioners precincts, so that elections therein would be invalid, this could not affect the validity of that part of the statute providing for an election for a city or town, as authorized by the Constitution.

**8.—Same—Discrimination Against Jews—Sacramental Wine.**

The statute is not violative of the Bill of Rights and the fourteenth amendment of the National Constitution in that it discriminates against the Jews by interfering with their use of wine for sacramental purposes, since in this respect it operates upon all persons alike.

9.—Same—Discrimination as Between Physicians.

Appellants, not being physicians, are not entitled to claim that the statute is invalid because it forbids the prescribing of intoxicating liquors by anyone who does not follow the practice of medicine as his principal and usual calling, thus discriminating against those who practice medicine occasionally; and besides, the entire clause as to physicians could be eliminated without invalidating the other provisions of the statute.

10.—Same—Order for Election—Verbiage.

That the order for the election stated that it would be held for the purposes and under the regulations prescribed by law, instead of by law for local option elections, could not have misled the voters where the order provided that the tickets to be used should read "for prohibition," or "against prohibition."

11.—Same—Class Legislation.

The local option law of Texas is not unconstitutional as being class legislation in that it discriminates in favor of those citizens who are in favor of prohibition and against those who are opposed to it. Following Ex parte Fields, 39 Texas Crim. Rep., 50.

Appeal from the District Court of Grayson. Tried below before Hon. J. M. Pearson.

*Moseley & Eppstein, C. L. Galloway,* and *Don A. Bliss,* for appellants.

*A. L. Beaty,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This was a suit for an injunction to restrain the county judge and Commissioners Court of Grayson County, as well as E. J. Roberts, proprietor of a newspaper in said county, from publishing the result of a local option election held in said county on the 7th day of March, 1903. An injunction was granted by Hon. A. T. Watts, judge of the Sixtieth Judicial District, and upon the plaintiff filing a bond the writ was duly issued and served. The plaintiff, M. J. Sweeney, has procured all necessary license, and is legally engaged in the occupation of selling intoxicating liquors and beer in the city of Denison, Grayson County. A local option election was held to determine whether the selling of intoxicants should be prohibited throughout said county, on the 7th day of March, 1903, and resulted in favor of prohibition, and the Commissioners Court entered an order so declaring the result, and prohibiting the sale of intoxicating liquors and beer in Grayson County, except for the purposes and under the regulations prescribed by title 69, Revised Statutes.

Appellant, in his petition, alleged that he had fitted up his place of business with fixtures and appliances suitable for that business only, which fixtures and appliances were reasonably worth the sum of $2000. That if the publication of said order is completed and the law put into effect, his appliances and fixtures will be rendered worthless, his business will be destroyed, and he will suffer great and irreparable injury. He shows that he will be subject to repeated arrests and carried away from his business, and that his business is of the value of $15,000, and the same will be entirely destroyed. He further alleges that he has no

adequate remedy at law. He challenges the constitutionality of the local option law, as embraced in said title upon the grounds briefly stated as follows:

1. That the local option statute violates the State Constitution because it denies the voters in cities and towns the right to have elections for such cities and towns, as such.

2. That it is unconstitutional because it does not allow the voters in cities and towns of a county where prohibition has carried for the entire county, to repeal the law for such cities and towns until it is repealed in the entire county.

3. That it is repugnant to the Constitution because it undertakes to say how the commissioners court shall subdivide a county in prohibition elections, while the Constitution provides that this discretion shall be with the commissioners court, and because it mentions subdivisions that are not enumerated in the Constitution.

4. That it discriminates against the Jews in their worship of Almighty God by interfering with their use of wine, and is therefore against the Bill of Rights and the fourteenth amendment.

5. That it denies the equal protection of the laws, and therefore contravenes the fourteenth amendment, because one section forbids the prescribing of intoxicating liquors by any physician who does not follow the practice of medicine as his principal and usual calling.

6. That it discriminates between those holding different views, and in favor of the prohibitionists in regard to the calling of elections, and therefore denies the equal protection of the laws.

7. That the order calling the election in question was void because it contained the expression, "except for the purposes and under the regulations prescribed by law."

I. Yeidel, a Jew, who was also legally engaged in the sale of intoxicating liquors and beer in Grayson County, intervened and made substantially the same allegations as were contained in the petition of Sweeney. He alleged that he was a Jew, a member of the Jewish religious society, and worships God according to the Jewish mode of worship. He adopts the allegations setting up the unconstitutionality of the statute, embraced in the petition of Sweeney. The defendants interposed an exception to the petition on the ground that the District Court had no jurisdiction of the cause. The demurrer was sustained, the suit dismissed, and plaintiff and intervener appealed.

By the Constitution of the State the district court is given general jurisdiction over "all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution." Sec. 8, art. 5, Const. of Texas. The effect of the demurrer is to admit as true the allegations contained in the petition. These allegations, briefly stated, show that the plaintiffs are lawfully engaged in the sale of intoxicating liquors in Grayson County. · That at an election held therein local option has been carried, and that an order so declaring had been passed by the commissioners court. The statute provides that "the order of

the court declaring the result and prohibiting the sale of such liquors shall be published for four successive weeks in some newspaper published in the county wherein such election has been held, which newspaper shall be selected by the county judge for that purpose." The county judge made selection of the Sherman Courier, a newspaper published in the city of Sherman, Grayson County, of which E. J. Roberts is proprietor, and it is shown that three of the publications have been made, and this suit is to enjoin the last publication.

Appellees insist that the continuing the publication of said order is a legislative act, and that the court for this reason has no right to interfere. This contention is untenable. The county judge had selected the newspaper in which the publication was to be made, and the publication was complete, except as to the fourth publication, required by the statute. He had exercised all the discretion conferred upon him by the statute. The continuing of the publication was merely a ministerial act. In the case of Kimberly v. Morris, 87 Texas, 637, the Supreme Court held that a writ of mandamus would lie to compel the commissioners court to order an election to determine whether the sale of intoxicating liquors should be prohibited in the county, the requisite number of petitioners having petitioned for the order, and there being no issue of fact to be determined. The effect of this holding was that in such a case the duty of the commissioners court was purely ministerial. We are of the opinion that the continuing the publication of the order of the commissioners court was not a legislative act.

It is contended that the mere publication of a void law can have no sufficient direct result upon property rights as could call forth the exercise of equity jurisdiction, and further that the petitioners have an adequate remedy at law. If it be conceded that the mere publication of the order declaring the result of the election would not call for the exercise of equity jurisdiction, it does not follow that if, as contended, the law is void and the publication of the order putting the law into effect, and its threatened enforcement, will render "worthless the appliances and fixtures" of appellants, "destroy their business and cause them irreparable injury," a court of equity has not the power to interfere and prevent the threatened injury. It is shown that complaints will, from day to day, be made against them, and that they will be arrested and dragged away from their business, which will cause them great humiliation and shame and destroy their business. Under these allegations we do not think the appellants would be required to await the destruction of their property and test the constitutionality of the act in a criminal jurisdiction, but that a court of equity could, when its jurisdiction is properly invoked, determine the controversy. This principle seems to be recognized in the case of Caruthers v. Harnett, 67 Texas, 127. After the learned judge had stated that a court of equity has no jurisdiction to try a contested election for county seats or cases involving the title to an office, he adds: "It does not follow from this, however, when a right involving pecuniary interests not orig-

inating in the election is asserted, that no inquiry can be made as to the legal effect of an election when it is set up to defeat such a right." 67 Texas, bottom page 131.

The case of Harding v. Commissioners was a suit by a liquor dealer to enjoin the commissioners court from declaring the result of a local option election. The trial court rendered judgment in favor of defendants and the plaintiff, Harding, appealed. The Court of Appeals for the Third District affirmed the judgment on the ground that the petitioner had a remedy at law, and a court of equity would not interfere to enjoin a threatened criminal prosecution, and that it did not believe that any property rights would be interfered with or any pecuniary injury sustained by the petitioner. 3 Texas Ct. Rep., 796. An application for a writ of error was made and the writ refused. In refusing the writ the Supreme Court took occasion to deliver a written opinion in which the court says: "Since it does not appear that the effect of declaring that the election had been carried in favor of local option was to imperil any pecuniary right of the applicant, the question as to him is merely a political one, and the courts agree that a party can not sue to determine a controversy of such a character." 95 Texas, 175. The petition did not show that the petitioner was legally engaged in the sale of intoxication liquors. It would seem that had the petition shown that any pecuniary right of the applicant would have been imperiled, a different result would have been reached, and the court would have sustained the jurisdiction of the district court to grant relief. Such is the effect of the holding of the court in the case of Austin v. Cemetery Co., 87 Texas, 330. In our opinion the reasoning of the able judge delivering the opinion in that case is conclusive upon the question, that when, as in this case, it is shown that the putting into effect a local option law and its threatened enforcement will imperil and destroy the pecuniary rights of one lawfully engaged in the sale of intoxicating liquors within the limits of the prohibited locality, and the law is challenged as being unconstitutional, a court of equity has the power, when its jurisdiction is properly invoked, to interfere and determine the controversy. We hold that the district court had jurisdiction of the case. Kimberly v. Morris, 87 Texas, 637; State v. Cunningham, 81 Wis., 440.

This holding requires that we consider the grounds upon which the law is challenged as being unconstitutional. Section 20, article 16, of the Constitution of this State provides that: "The Legislature shall, at its first session, enact a law whereby the qualified voters of any county, justice's precinct, town or city (or such subdivision of a county as may be designated by the commissioners court of said county) may by a majority of votes determine from time to time whether the sale of intoxicating liquors shall be prohibited within the prescribed limits." Under the power conferred the Legislature passed the local option laws contained in title 69 of the Revised Statutes.

Article 3384 provides: "The commissioners court of each county

in the State, whenever they deem it expedient, may order an election, to be held by the qualified voters of said county, or of any commissioner's or justice's precinct, or school district, or any two or more of any such political subdivisions of a county, as may be designated by the commissioners court of said county, to determine whether or not the sale of intoxicating liquors shall be prohibited in such county, or commissioners or justice's precinct, or school district, or any two or more of any such political subdivisions of such county, or in any town or city."

It is by virtue of the power conferred in the above article of the Constitution that the Legislature has authority to pass a law to refer to a vote of the people of any locality the question of the adoption or rejection of a law prohibiting the sale of intoxicating liquors within the limits of such locality. State v. Swisher, 17 Texas, 441.

The contention of appellants is that this statute does not comply with the constitutional requirement in that it makes no provision whereby the qualified voters of any town or city can determine whether the sale of intoxicating liquors shall be prohibited within the limits of such town or city. While the power conferred by the above quotation from the statute giving towns and cities the right to determine whether the sale of intoxicating liquors shall be prohibited within their respective limits, is not clearly stated, yet when we consider all the provisions of the statute, we think it clear that such was the intention of the Legislature.

By other provisions of article 3384, it is made the duty of the commissioners court to order the election whenever petitioned so to do by as many as 250 voters in any county, or fifty voters in any other political subdivision of the county or school district as shall be designated by said court, or in any city or town, as the case may be. Said article further stipulates that when a school district, city or town may be composed in part of two or more subdivisions of the county named heretofore, the right to order and hold an election in such school district, city or town shall not be denied; and provided further that no city or town should be divided in holding a local option election for any of the other subdivisions named therein.

Here the right to order and hold an election by a city or town is clearly recognized, and, taken in connection with other articles of this title, we think there can be no doubt as to the intent of the Legislature.

Article 3395 clearly provides for the holding of a second election in a city or town upon the failing of prohibition to be carried in the county. We conclude that the statute does confer upon the citizens of cities and towns the right to determine whether the sale of intoxicating liquors and beer shall be prohibited within their respective limits.

The contention of appellants that the statute is unconstitutional because it does not allow the voters in cities and towns of a county, when prohibition has been carried for the entire county, to repeal or vote off the law from such cities and towns until it is repealed in the entire county, is without merit. This clause of the statute places cities and

towns on the same footing as justice precincts, school districts and other subdivisions of the county which may be designated by the commissioners court. After prohibition has been carried throughout the county, no subdivisions of the county can vote it off until a vote has been had throughout the county, voting off prohibition. In the case of Roper v. McCoy, 29 Texas Civ. App., 470, 69 S. W. Rep., 459, it was shown that prohibition had been carried in Johnson County. Thereafter a certain portion of the county was laid off and made a subdivision, and a petition by the requisite number of voters residing therein was presented to the Commissioners Court asking that an election be called to determine whether local option should be adopted in such subdivision. The Commissioners Court refused to call the election. The petitioners brought suit for a mandamus against the county judge and said Commissioners Court. Upon hearing the mandamus was refused by the trial court, and upon appeal this court held that, prohibition having been adopted in the county, the Commissioners Court could not order an election in a subdivision of the county. A writ of error was refused by the Supreme Court. See also, Kimberly v. Morris, 87 Texas, 637, 31 S. W. Rep., 809; State v. Harvey, 11 Texas Civ. App., 691, 33 S. W. Rep., 885; Adams v. Kelley, 17 Texas Civ. App., 479, 44 S. W. Rep., 529; Ex parte Fields, 39 Texas Crim. Rep., 50, 46 S. W. Rep., 1127; Rippy v. State, 63 S. W. Rep., 687.

It is contended that the statute is repugnant to the Constitution in that it undertakes to say how the commissioners court shall subdivide the county in prohibition elections, while the Constitution provides that this discretion shall be with the commissioners court; and further, that it mentions subdivisions not named in the Constitution. By the terms of article 5, section 20, of the Constitution, hereinbefore quoted, the Legislature had power to enact a statute authorizing the commissioners court to subdivide the county. The Legislature did not confer the full power upon it, but only authorized the commissioners court to make subdivisions subject to certain limitations and restrictions. It is held that the grant of a greater power includes a lesser power. Bowman v. State, 38 Texas Crim. Rep., 14, 40 S. W. Rep., 796. Having conferred on the commissioners court less power than by the Constitution it was authorized to, it can not be said that the act of the Legislature was in violation of the Constitution.

Again, the appellants in this case should not be heard to complain of the law in this respect for the reason the election in this case was a county election, which was authorized by both Constitution and the statute; and if the act was subject to the objection made, it would not have the effect to make the whole act void, but only that part authorizing the commissioners court to designate commissioners' precincts, school districts, or territory comprising two or more such subdivisions. The naming of these subdivisions only affects the validity of the act in so far as they are mentioned, and they are so independent of the remainder of the act that they can be eliminated without in any way

affecting the validity of the balance of the statute. If the Legislature exceeded its powers in mentioning "commissioners precincts, school districts, or any two or more of such subdivisions," then they should be eliminated and the remainder held valid.

Does the statute discriminate against the Jews in their mode of worship by interfering with their use of wine, and is it therefore in violation of the Bill of Rights and the fourteenth amendment to the Constitution of the United States? I. Yiedel, one of the appellants, is a Jew, and belongs to a Jewish religious society that practices the Jewish mode of worship. The Jewish mode of worship knows no sacraments, but the same requires the use of wine on a number of occasions during each week and each year; such use of wine has no symbolical or mystical meaning, and is in no sense for sacramental purposes, but is used on such occasions as a beverage. It is shown, "that during the Passover and on two nights thereof each member of the Jewish religious society is required by their mode of worship to drink four glasses or cups of wine on each of said nights; and that on Friday and Saturday nights of each week, each member of a Jewish family is required by their mode of worship to drink one glass or cup of wine."

Article 1, section 6, of the Bill of Rights forbids any interference with the rights of conscience in the matter of religion, or the giving of any preference by law to any religious society or mode of worship. In enacting the local option statute the Legislature was legislating in reference to intoxicating liquors and providing a means whereby the citizens of certain localities could, from time to time, determine whether their sale should be prohibited in such locality. It is not questioned but the State in the exercise of its police powers can absolutely prohibit the sale or manufacture of intoxicating liquors within its territory. Brannon v. State, 40 S. W. Rep., 796; Mugler v. Kansas, 123 U. S., 273.

The effect of the statute is to absolutely prohibit the sale of intoxicating liquors as a beverage in the locality where adopted. In this respect it operates upon all persons alike. It is only as medicine, and then upon prescription, or for sacramental purposes that intoxicants may be lawfully sold in local option territory. It is contended that its sale for sacramental purposes is a discrimination against Jewish worship. The contention is not sound. There is no discrimination against the use of wine in their mode of worship. The prohibition is against the sale of intoxicating liquors.

The next contention is that the act denies equal protection of the law, and therefore contravenes the fourteenth amendment, because one section forbids the prescribing of intoxicating liquors by anyone who does not follow the practice of medicine as his principal and usual calling. There is no discrimination shown here, except as between physicians who practice medicine occasionally and those who make it their principal calling. Appellants are not physicians, and therefore can not successfully complain of that clause of the statute regulating the giving

of prescriptions by physicians.  Bowman v. State, 40 S. W. Rep., 796; Ex parte Burnside, 6 S. W. Rep., 276; Cooley, Const. Lim., 215.

If it be conceded that the appellants could raise this contention, and that the statute in this respect is subject to the objection made, it would not affect the result in this case.  The portion of article 3385 which contains the clause complained of reads: "Provided, that a physician who does not follow the profession of medicine as his principal and usual calling shall not be authorized to give the prescription provided for in this article."  The portion of the article quoted is independent of the remainder of the article, and, if illegal, it can have no effect on the validity of the balance of the statute.  It is so independent of the remainder of the law that this clause can be eliminated without invalidating the other provisions.  Bush v. Webb, 122 Fed. Rep., 666; State v. Swisher, 17 Texas, 441; Stanfield v. State, 83 Texas, 321; San Antonio v. Jones, 28 Texas, 31; Willis v. Owen, 43 Texas, 41; Parker v. Commonwealth, 47 Am. Dec., 480; Barto v. Hinesod, 8 N. Y., 483; State v. Weir, 11 Am. Rep., 115.

There is no merit in the contention that the order of the Commissioners Court calling the election to determine whether the sale of intoxicating liquors should be prohibited in Grayson County concluded with the words, "except for the purposes and under the regulations prescribed by law."  This order provides: "In said election those who favor prohibiting the sale of intoxicating liquors within Grayson County, Texas, shall have printed or written on their tickets the words, 'for prohibition,' and those who oppose it shall have printed or written on their tickets the words, 'against prohibition.' "  Thus it is seen that the form of the, tickets was prescribed and the vote taken in accordance with the statute.  We think it is clear that the order, when considered as a whole, meant by law for local option elections.  The voters could not have been misled by the order.  Dillard v. State, 31 Texas Crim. Rep., 470, 20 S. W. Rep., 1107; Simmons v. State, 67 S. W. Rep., 503.

The contention that the entire local option law of Texas is unconstitutional and void because it, in effect, constitutes class legislation, in that it discriminates in favor of those citizens who are in favor of prohibition and against those who are opposed to it, has been passed upon by the Court of Criminal Appeals, adversely to appellant.  The holding of that court is conclusive on this question.  Ex parte Fields, 39 Texas Crim. Rep., 50; Rippy v. State, 68 S. W. Rep., 687, and 73 S. W. Rep., 15.

Believing that the proper judgment has been pronounced in this cause, the same is affirmed.

*Affirmed.*