## J. C. RAY v. THE STATE.

### No. 2937. Decided December 7, 1904.

**1.—Local Option—Evidence—Harmless Error.**

Where the defense on cross-examination of prosecuting witness to affect his credibility, proved by him certain bills of lading, showing that he had purchased whisky in another county and had it shipped to him in the local option county at various times before and after the alleged violation of the local option law by the defendant in said last mentioned county, and the court refused the defense to formally introduce said bills of sale, after defendant had the benefit of the testimony that witness had received the whisky as disclosed by said bills of lading, and this was an uncontroverted fact, the court's action in excluding them was harmless error.

**2.—Same—Credibility of Witness—Sufficiency of Evidence.**

That the prosecuting witness had been arrested for illegal sale of intoxicating liquors and was also subject to indictment in the United States Court for

violating the Internal Revenue laws, are matters affecting his credibility and passed upon by the jury and will not be considered on appeal.

### 3.—Same—Constitutional Law—Exemptions.

The local option law, although it permits the sale of intoxicating liquors for medicinal and sacramental purposes, is nevetheless constitutional.    Following Bowman v. State, 38 Texas Crim. Rep., 14.

Appeal from the County Court of Smith.    Tried below before Hon. S. A. Lindsey.

Appeal from a conviction for the violation of the local option law; penalty, a fine of $25 and confinement for twenty days in the county jail.

The testimony of Tobe Lane, the principal State's witness, was that he went into the defendant's place of business, which is the old "National Bar," and situated in the National Hotel building, just west of the hotel lobby.    Defendant was over behind the desk just to the left of the door as you go in and between the front end of the bar counter and the front window.    "I asked defendant whether he could let me have anything and handed him the four half dollars and defendant reached under the counter and handed me two quart bottles of whisky." Witness took the whisky to Ben Knight, who was standing some distance outside and who had asked witness to get him some whisky and had handed him the four half dollars.    Witness was a waiter in the hotel.    He admitted buying whisky for himself and other hotel waiters from Nat Edgar, in Athens, Texas, and had him ship it to Tyler by express and identified the bills of lading shown him showing the whisky was sent him and he sometimes hid them in defendant's place of business without his knowledge.    Defendant was selling soft drinks in said old bar and witness never got any other whisky from him.

Ben Knight corroborated witness, as to the fact of his handing him the money to get whisky; that he saw witness go into defendant's place of business and that he shortly returned with the two bottles of whisky —that he could not tell what went on in the house of defendant. Defendant took the stand and denied in toto the testimony of Tobe Lane and testified that he had not sold or given liquor to any one since local option had gone into effect.    The theory of the defense was that Tobe Lane sold the whisky he had had shipped to him to Ben Knight and to protect himself accused defendant.

*B. B. Beard* and *F. J. McCord, for appellant.*—The witness Tobe Lane admitted on the stand that he had been hiding whisky in the back part of appellant's place of business.    Now Ben Knight comes to him and wants whisky, gives him $2 to go and get him some whisky. Ben Knight sees him go into appellant's place of business, sees him come out with the whisky, and he delivers the whisky to Ben Knight. Now if Ben Knight sees this, Tobe Lane knows that this puts a crime on him.    It then only becomes necessary to shift and link in one little fact into the customary way in which he had been handling whisky to

save himself. Tobe Lane had been buying whisky, he had been having it shipped in by express; he had been hiding his whisky in the back part of Ray's place of business; he was porter in the hotel, and from that hotel a door opened out from its office to appellant's place of business; this was a public entrance; these facts become known to the officers. The gap was being closed up; to escape, Tobe Lane weaves into his customary way of handling whisky one independent and isolated fact, and that is, that Jim Ray, in open daylight, with the public gaze upon him and without any preliminaries, upon a request, hands him out two bottles of whisky as though he was selling him a 5-cent cigar.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction for violating the local option law, the penalty assessed being a fine of $25 and twenty days imprisonment in the county jail.

The evidence shows that Tobe Lane testified he bought the whisky of defendant. This is denied by Ray. The indictment alleges that the sale occurred on January 17, 1904, and the testimony corresponds with the indictment.

Bill number 1 complains that the court erred in excluding from the consideration of the jury four bills of lading, issued by the express company, dated November 14, 17, 19, 1903 and January 19, 1904. These bills show that M. E. Edgar had shipped whisky from Athens, Henderson County, to prosecuting witness, Tobe Lane, at Tyler, Smith County. The bills of lading were presented to the prosecuting witness while on the stand, and he testified that he bought said whisky and receipted for the same at the expres office in Tyler. But the court excluded said bills of lading from the consideration of the jury, and permitted the witness to state he had bought and received said whisky. Appellant objected to the ruling of the court, on the ground that said bills of lading were competent, relevant and material testimony to show motive, purpose and inducement for witness Tobe Lane to fabricate and falsify his testimony, and without any sort of corroboration by any other witness or fact that defendant sold and delivered the bottles of whisky as charged herein. Defendant insists that the bills were material to the defense, had they been permitted to go to the jury, so the jury could understand the quantity of intoxicating liquors said witness was bringing to Tyler, and the system upon which he was operating, and thus be the better able to correctly weigh the testimony of Tobe Lane against the testimony of defendant. The State objected to said bills, upon the ground that they were not sufficiently proven to be what they purport to be, and that their execution and delivery were not sufficiently proven, to authorize their admission as testimony; and further Tobe Lane had admitted getting the whisky. The court sustained said objection. We have copied the objections urged by

appellant in his bill of exceptions to the ruling of the court. We think the bills of lading were amply identified and the proper predicate was laid for their introduction. But we cannot see what harm was done appellant in excluding them, as Lane admitted, and it was an uncontroverted fact that he did receive the whisky as disclosed by said bills, at the time therein stated. So appellant had the benefit of the testimony, regardless of whether or not the bills were admitted. This being true, no reversible error appears in the ruling of the court.

Appellant insists that the verdict of the jury is not supported by the evidence, because prosecuting witness had been arrested for the illegal sale of intoxicating liquors in Smith County, and was also subject to indictment in the United States Court for violating the United States Internal Revenue Law. These were matters addressed to the jury affecting the credibility of the witness; they have passed on these questions and found appellant guilty and we will not disturb their finding.

Appellant insists that the local option law is unconstitutional, because article 16, section 20, says, the Legislature shall at its first session enact a law whereby the qualified voters may by a majority vote determine from time to time whether the sale of intoxicating liquors shall be prohibited by law; and the laws enacted by the Legislature have not nor do the same attempt to prohibit the sale of intoxicating liquors, but merely regulate the sale; that the law authorizes the sale of the same for sacramental purposes and medicinal purposes, and authorizes a license to sell on prescription. This question has been long settled by this court. Bowman v. State, 38 Texas Crim. Rep., 14; Sparks v. State, 45 S. W. Rep., 493. The law is constitutional. The objections urged by appellant are not well taken. The judgment is affirmed.

*Affirmed.*